DELIA HAMMILL, ADMINISTRATRIX, ETC., OF THOMAS DOLAN, DECEASED, PETITIONER, DEFENDANT, v. PENNSYLVANIA RAILROAD COMPANY, RESPONDENT, PROSECUTOR.

Submitted March 18, 1915—Decided June 4, 1915.

1. The words "actual dependents" as used in Workmen's Compensation act of 1911 (*Pamph. L.*, *p.* 134), as amended (*Pamph. L.* 1913, *p.* 302; *Id.* 1914, *p.* 499), refer to relatives of the deceased who were being wholly, or to a substantial degree, supported by deceased at the time of his death.

2. The Federal Employers' Liability act of 1908 (35 *Stat.*, *p.* 65) refers only to interstate carriers by railroad, and does not apply to a railroad company whose sole relation to the employe is as lessee of a canal on which said employe works for wages paid by the railroad company.

3. Said federal liability act does not supersede the said Workmen's Compensation act, the former relating to remedies for torts, the latter to compensation arising out of contract.

4. Prior to the amendment of 1914 to the Workmen's Compensation act, funeral expenses were not recoverable when there are dependents to whom compensation has been awarded.

On *certiorari* to award of Middlesex Pleas in workmen's compensation case.

Before Justices SWAYZE, PARKER and KALISCH.

For the prosecutor, *Theodore Strong*.

For the defendant, *August C. Streitwolf*.

The opinion of the court was delivered by

PARKER, J. The petitioner is a sister of Thomas Dolan, deceased, who fell off a barge, or scow, on the Delaware and Raritan canal, in the course of his employment as a boatman, and was drowned. No question is raised but that the Pennsylvania Railroad Company operates the canal as lessee (see *Black* v. *Canal Company*, 22 *N. J. Eq.* 130, 401; 24 *Id.* 455), and it satisfactorily appears that the deceased was employed and paid by the railroad company. It is not denied that deceased came to his death from an accident arising out of and in the course of his employment. It is denied that petitioner is an actual dependent, and it is practically conceded that no one else could claim to be such. The evidence shows that deceased made his home at her house, so far as he had a home, and that his brother did likewise. Both worked on their boats and were away from Monday until Saturday, but always spent their spare time, from Saturday until Monday, at her house, and each paid her $5 a week. The court found, and its finding is justified, that these payments were materially greater than the mere value of the board and lodging for thirty-six hours and the care of their extra clothing, &c., for the rest of the week; so that they were really contributing to her support. We understand the phrases "actual dependents"

and "who are dependent upon the deceased," as used in paragraph 13 of the act as amended (*Pamph. L.* 1913, *p.* 305), to mean relatives in some degree mentioned in that paragraph, who were being wholly or to a substantial degree supported by the deceased at the time of his death. The court found the petitioner to be within this class and its finding is supported by the evidence.

It is further argued that the canal is an interstate waterway; *ergo,* the Federal Employers' Liability act applies; *ergo,* our Workmen's Compensation act does not apply.˙ Conceding the interstate character of the canal, we think these deductions are erroneous. The federal act does not apply, because by its terms it affects only common carriers by railway. Act April 22d, 1908, *ch.* 149; 35 *Stat., p.* 65; *U. S. Comp. Stat.* 1913, *pp.* 8657 *et seq.* It is true that the employer is a railroad company, but as such employer of deceased it was operating a canal and not a railroad. Again, the federal and state acts are not *in pari materia.* The one is an act creating a liability to the employe as in tort, based upon common law negligence, or the failure to comply with some statutory provision for the safety of the employe; the other, so far as its section 2 is concerned, is a compensation act purely contractual in character, and requiring compensation for injury or death to be made as an incident of the mere relation and quite irrespective of any question of negligence on the part of the employer. It was manifestly intended, among other things, to give relief in just such cases as the present one, where no claim of negligence on the part of the employer could reasonably be made. As to this class of cases, at least, we deem the federal act not to be exclusive. The authorities cited by prosecutor will be found to involve in each case a conflict between the federal act and a state act imposing a liability as in tort for breach of a statutory or common law duty.

Lastly, it is urged that the judgment should be reversed because the trial court erred in awarding funeral expenses, and that these are not the subject of award unless there are no dependents. We have so held, notwithstanding the amend-

ment of 1913 which interpolated a paragraph numbered 14a. *Pamph. L., p.* 307; *Central Railroad v. Kellett,* 86 N. J. L. 84. The amendment of 1914 provides an award not to exceed $100 in all cases. *Pamph. L., pp.* 499, 500. But this does not apply to the case in hand, as it was not enacted until nearly a year after the accident.

The result is, that so far as the award directs payment of funeral expenses, it will be reversed; otherwise it will be affirmed. No costs will be awarded.