## CHARLES E. GRANT, Employer, and the MARY-LAND CASUALTY INS. CO., Insurer,

*vs.*

## ANNIE KOTWALL, Mother of August Kotwall.

*Workmen's Compensation Act: dependents; mother whom decedent used to help support. Evidence:*
*credibility of witnesses.*

Where a grown son lived with his father and mother and contributed to the mother so much a week out of his wages for household expenses and to buy herself necessaries and to pay doctors' bills, etc., it is evidence to be considered as showing that the mother was partially dependent upon the son and, as such, was entitled to compensation under the Workmen's Compensation Act, if the son were killed while engaged in an occupation covered by its terms.                          p. 578

In general, on appeal it is not in the province of the Court of Appeals to determine the credibility of evidence where there is conflict in the testimony.                          p. 575

*Decided January 15th, 1919.*

Appeal from Superior Court of Baltimore City. (Dobler, J.)

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Briscoe, Burke, Thomas, Pattison, Urner and Constable, JJ.

*A. J. Lilly* and *Walter L. Clark,* for the appellant.

*Edward J. Colgan, Jr.* (with whom was *Frank J. Pintner* on the brief), for the appellee.

BURKE, J., delivered the opinion of the Court.

This is a Workmen's Compensation case, and is before us upon an appeal by the employer and the insurer from an order of the Superior Court of Baltimore City reversing an order of the State Industrial Accident Commission, which disallowed compensation to the claimant, and remanding the cause to that Commission.

Augustus Kotwall, the deceased, was an unmarried man and his trade was that of a painter. On the 9th day of May, 1916, he was working as a painter for Charles W. Grant, and on that day he died as a result of an injury sustained in the course of his employment. His father, John Kotwall, filed a claim for compensation upon the ground of dependency, and after a hearing before the Commission the claim was refused. Subsequently, Anna Kotwall, the mother of the deceased, filed a claim for compensation. A hearing was had upon this application, and on the 3rd day of November, 1916, the State Industrial Accident Commission passed an order disallowing the claim, upon the finding that "the claimant in this case, was not wholly, nor partially, nor in any wise dependent upon the deceased, and she is, therefore, not entitled to compensation arising out of the death of Augustus Kotwall." From this order an appeal was taken, and the case was heard by the Court, without a jury, upon the transcript of the proceedings and evidence taken before the Commission upon both applications.

At the hearing in the lower Court the claimant offered one prayer, and the employer and insurer four. The Court granted the claimant's prayer, and also granted the second, third and fourth prayers of the employer and insurer, but refused their first.

The granted and refused prayers are here inserted:

*Claimant's Prayer*: "The appellant prays the Court that if it should find as a matter of fact that Annie Kotwall was partially dependent upon Augustus Kotwall for maintenance and support at the time of said Augustus Kotwall's death, then to rule as a matter of law that she is entitled to compensation therefor."

*Employer's and Insurer's Prayer*: "The employer and insurer pray the Court to rule as a matter of law that there is no evidence in this case legally sufficient to show that claimant was dependent upon her deceased son, Augustus Kotwall, for support at the time of his death, May 9, 1916."

There is only one exception in the Record and that was taken to the granting of the claimant's prayer, and to the rejection of the employer's and insurer's prayer. It is not claimed that the mother was wholly dependent upon her deceased son, but it is insisted that she was partially dependent upon him.

There is no definition of dependency contained in the Workmen's Compensation Act of this State, but it is provided that certain enumerated classes shall be presumed to be wholly dependent. The claimant is not one of that class. But it is provided by section 36, Article 101, Code, 3 Vol. that: "In all other cases, questions of dependency, in whole or in part, shall be determined in accordance with the facts in each particular case existing at the time of the injury resulting in death of such employee."

The question to be decided is this: Is there evidence in the Record legally sufficient to show that the claimant was partially dependent upon her deceased son within the meaning of the Workmen's Compensation Act? On some few points the evidence of the claimant and her husband is in sharp conflict, but on the legal question presented by the Record it is not our province to determine the credibility of the evidence of these witnesses on controverted questions of fact. The following facts appear to be established by satisfactory evi-

dence: The family of John Kotwall, the father, consisted of his wife, the claimant, and four children—two sons and two daughters. One daughter was living in Detroit, Michigan, and was earning her own livelihood. The other three children lived at home. For about five years prior to Augustus Kotwall's death, John Kotwall and his two sons each gave the mother eight dollars per week with which she maintained the home and paid all the household expenses. For about three months during the winter the deceased son could not work, and during that time he did not make the weekly payment to his mother, but when he did go to work he paid her the amount of the arrearages. The amount paid was more than sufficient for his board and lodging. John Kotwall was in receipt of sixty-four dollars per month from the government of the United States, and at the time of his son's death was employed by the Adjutant General of Maryland in a clerical position, and received forty or fifty dollars per month. A few weeks after the death of his son he retired from his position, and had no regular business, or occupation until 1918, when he returned to his former employment, but what he is receiving now does not appear from the evidence. John Kotwall owns the house he lives in which is valued at $1,650, and is subject to a ground rent of $45.00 per year. He pays the ground rent, taxes, insurance, and furnished the coal, but refused to pay his wife more than eight dollars per week for household expenses, saying that the children were contributing. He took the position that the sons must contribute each one-third of the expenses, which they did. The claimant in her examination in chief testified as follows: "I am the mother of Augustus Kotwall. My husband and three children are now living. My son died May 9, 1916, while in the employ of Charles W. Grant. He was earning $15.00 a week at the time of his death, or $2.50 a day. I was dependent upon him for my livelihood—for my support and keeping— dependent on him every week. He paid me $8.00 every week he worked.

"Q. Did he give you this $8.00 every week? A. Every week he worked; yes, sir. In addition to the $8.00 which he gave me every week, at times when I needed it he would give me almost all his pay. Quite often I needed more in case of sickness or doctor's bills for myself. I had to fall back on my children. He would help me with more money. He was twenty-four years old, single and lived with me;" and on cross-examination she said: "My son had worked seven years altogether. He had been paying me $8.00 a week for five years previous to his death. I have missed his income a great deal. For one thing, I am not able to buy things for myself as I would if I had been getting his money. I depended on his paying for clothing and things that I cannot possibly get now. Houses in my neighborhood rent for $16.00 a month. I employ no servant but my daughter. She did the work for me and I paid her the same as a servant—$3.00 a week. I have not been able to pay her since my son's death. She is working for me now as she did before, but I do not pay her. I give her her board and purchase her clothing for her when I can. Her father does not contribute anything for her board, nor for her clothing. I have to keep her." She further said that her husband contributes nothing for her clothing.

In *re Carroll,* 116 N. E. 844, the Court said: "Stated generally, a dependent is one who looks to another for support and maintenance; one who is in fact dependent—one who relies on another for the reasonable necessities of life." See also *Parsons* v. *Murphy,* 163 N. W. 847. In *Kennerson* v. *Thames Tow Boat Company,* 89 Conn. 367, S. C. 94 Atlantic, 372, where an employee left surviving him two sisters under 18 years of age and a mother to whom he gave $20.00 per month, which the mother used for her support and that of her minor children, a finding by the Compensation Commission that she was partially dependent upon him was sustained, although the mother received other support from her husband,

who earned $50.00 per month. In *Conners* v. *Public Service Electric Company,* 97 Atlantic; 792, the Court said: The deceased was over age, and therefore entitled to his own wages; that as a voluntary matter he turned his wages into the family fund; and there was evidence justifying a finding that the sister, whether an adult or a minor, received substantial benefit therefrom, of which she has been deprived since his death. This in turn justified a finding that she was an actual dependent. We do not understand the decision of the Court of Errors in the Harvey Case to mean that a minor sister cannot be classed as a dependent of a deceased adult brother because she has a father who is under obligation to support her. Such a ruling would shut out the minor brothers and sisters in a case, for example, where the father was incapacitated and earned nothing, and the adult brother was the sole support of the family.

So, also, if she was of age, her actual dependency is a pure question of fact, to be determined by the test laid down by the opinion of this Court in the case of *Hammill* v. *Penna. R. R. Co.,* 87 N. J. Law, 388, 94 Atl. 313, adopted in the Court of Errors and Appeals, 96 Atl. 292, viz: "We understand the phrases 'actual dependent' and 'who are dependent upon the deceased' as used in paragraph 12 of the Act as amended, * * * to mean relatives in some degree mentioned in that paragraph, who were being wholly or to a substantial degree supported by the deceased at the time of his death."

The evidence in this case is, we think, sufficient to show or at least legally tended to show that the claimant, under the principles announced in the cases cited, and which are in accord with those announced in many other cases, was partially dependent upon her deceased son, and, therefore, the Court committed no error in rejecting the employer's and insurer's first prayer, and in reversing the order appealed from and remanding the cause to the Commission.

*Order affirmed, with costs.*