## Wytheville.

## VIRGINIA ELECTRIC AND POWER COMPANY v. RUTH I. PLACE.

### June 14, 1928.

#### Argued and submitted before Judge Holt took his seat.

1. WORKMEN'S COMPENSATION ACT—*Persons Conclusively Presumed to be Wholly Dependent—Persons whose Dependency Depends Upon Proof.*—Section 40 of the workmen's compensation act (Code of 1924, section 1887 (40)) provides for the payment of compensation to two classes of dependents. Whenever it appears that claimants come within the classification designated by the clauses A, B and C of this section, they are conclusively presumed, as a matter of law, to be dependent and no evidence is required to show the fact of such dependency. The second class of dependents is provided for in section 40 in the following language: "In all other cases questions of dependency, in whole or in part, shall be determined in accordance with the facts as the facts may be at the time of the accident * *." The question of dependency, as it relates to this second class, therefore, depends upon proof in the particular case.

2. STATUTES—*Construction—Intention—Resort to Whole Statute to Determine Intention.*—In the construction of a statute, the chief concern of the court is to ascertain the intention of the legislators and to give effect thereto, unless inhibited by constitutional provision, and in seeking to discover the intention of the law makers, the court will not be confined to the particular section under review, but resort will be had to the entire statute.

3. WORKMEN'S COMPENSATION ACT—*Liberal Construction of Statute.*—Because it is a beneficent act, intended to fill the economic need created by the death of an employee, the compensation act is to be liberally construed.

4. WORKMEN'S COMPENSATION ACT—*Dependency—Husband and Wife—Parent and Child.*—By section 40 of the workmen's compensation act (Code of 1924, section 1887 (40)), in placing a wife, husband and designated children in a class to themselves, the legislature eliminated all conjecture as to their status as to dependency, and left only for investigation as to them the question of whether or not the death of the employee arose out of and in the course of the employment.

5. Workmen's Compensation Act—*Dependents other than Husband and Wife and Parent and Child.*—Section 40 of the workmen's compensation act (Code of 1924, section 1887 (40)) is as follows: "In all other cases questions of dependency, in whole or in part, shall be determined in accordance with the facts as the facts may be at the time of the accident * *." By this language, designating the other class of persons other than husband and wife and parent and child who may be entitled to compensation, a wide discretion is vested in the Industrial Commission. From the proof adduced upon the hearing, it is the province of the Commission to find as a fact whether the particular claimant is entitled to compensation, and to determine the amount thereof.

6. Workmen's Compensation Act—*Dependents—Section 40 of the Act (Code of 1924, Section 1887 (40) ).*—Section 40 of the workmen's compensation act (Code of 1924, section 1887 (40) ) provides for payment of compensation to two classes of dependents. The first class includes parents and children and husbands and wives. The second class is provided for in the following language: "In all other cases questions of dependency, in whole or in part, shall be determined in accordance with the facts as the facts may be at the time of the accident * *."

*Held:* That the second class of cases rests neither upon relationship nor presumption, but wholly upon the facts as they exist at the time of the death of the employee, and is subject to change by the Commission as the condition of economic dependence or independence of the beneficiaries may vary from time to time.

Appeal from an award of the Industrial Commission.

*Affirmed.*

The opinion states the case.

*I. P. Hoag, Jr.,* and *Wm. G. Maupin,* for the appellant.

*W. R. L. Taylor* and *John Cole,* for the appellee.

Campbell, J., delivered the opinion of the court.

This appeal calls in question the construction placed upon section 40 of the workmen's compensation act

(Laws 1918, chapter 400) by the Industrial Commission, which allowed appellee, as a dependent of one James R. Harrell, deceased, the sum of $8.00 per week for 300 weeks.

In the opinion of Deans, commissioner, the facts found by the Commission are as follows:

"James R. Harrell had been in the employ of the defendant company for about five months prior to the fatal accident which occurred about one-thirty p. m., on August 15, 1927. His duties were those of a mechanic, for which he received $36.00 per week.

"The testimony of H. J. Annan indicates the accident occurred in the switch house located in the basement of the building. Annan, himself, did not witness the accident as he was on the first floor when it happened. Hearing the noise of the explosion, he went down to the basement, which was filled with smoke to such an extent that for some time he could not see what had happened. After the smoke had cleared away he saw that a gate was laying across Harrell's body, and he took it away and had the injured carried out. Harrell was unconscious when found, and, of course, was not able to give an account as to how the accident occurred since he did not regain consciousness, but died about three hours later. The accident occurred in an anteroom or vault four and one-half to five feet wide and eighteen to twenty feet long. The electric switches, nine in number, were mounted on the left wall as one entered the room or vault, and were placed about four and one-half to five feet high. The switches are protected by temporary barriers of lattice so as to keep persons from coming in contact with them. A person could, however, stand on the floor of the room and put his hand on them with this lattice work barrier in place, as the distance from the barrier to the switches.

was only about a foot and one-half.   There were signs posted in the room reading as follows:   'Danger, 11,-000 volts.'   This was the first time, according to H. J. Annan's statement, that Harrell had been in the vault where the electric switches were, and he did not of his own knowledge know whether the deceased had ever been warned of the danger in there.   Mr. Annan was foreman at the building and had charge of all employees.   He had visited the vault only fifteen or twenty minutes prior to the accident.

"The deceased, who was a mechanic, was directed to drill holes with an electric drill and put plates on the side of the wall at the end of the vault for the ventilating system which was being installed.   There was no one else in the vault when the accident occurred. According to H. J. Annan's testimony, Harrell was in the vault for the purpose of doing work he was directed to do.   To drill the holes, it was necessary for Harrell to connect the electric drill to a switch a distance of about thirty feet from where he was working and outside of this vault.   The cord connected to the drill he was using was too short for the purpose and Harrell had sent his assistant, Clarence Melancon, for an extension cord.   Melancon was on this errand at the time the accident occurred.   It was not known whether Harrell had found a plug in the vault where he could make a connection for the drill nor does there appear to have been any way for the electric wire he used to come in contact with the switch if he used it for the work."

The commission, basing its findings upon ample evidence, found as a fact that appellee "was in part dependent upon the deceased for support for a period in excess of three months prior to the accident."

[1] Section 40 of the compensation act provides for

the payment of compensation to two classes of dependents. Clause A relates to a wife dependent upon a husband whom she had not voluntarily deserted or abandoned at the time of the accident; clause B relates to a husband who is dependent upon a wife with whom he lived at the time of her accident if he is then incapable of self-support; clause C relates to children under the age of eighteen who are dependent upon a parent, or to mentally or physically incapacitated unmarried children, even though they are over the ages of eighteen years. Whenever it appears that the claimants come within the classification designated by these clauses, they are conclusively presumed to be dependent and no evidence is required to show the fact of such dependency.

The second class of dependents is provided for in section 40 in the following language: "In all other cases questions of dependency in whole or in part shall be determined in accordance with the facts as the facts may be at the time of the accident   *   *."

While the first class of dependents are, as a matter of law, conclusively presumed to be dependent, it is to be observed that the question of dependency, as it relates to the second class, depends upon proof in the particular case.

It is also provided by section 40 of the act, that the dependence of a widow or widower of a deceased employee shall terminate with legal or common-law marriage; that the dependency of a child, except a child physically or mentally incapacitated from earning a livelihood, shall *ipso facto* terminate with the attainment of eighteen years of age, or upon earlier marriage of a female child.

[2] In the construction of a statute, the chief concern of the court is to ascertain the intention of the legisla-

tors and to give effect thereto, unless inhibited by constitutional provision, and in seeking to discover the intention of the law makers, the court will not be confined to the particular section under review, but resort will be had to the entire statute.

[3] Because it is a beneficent act, intended to fill the economic need created by the death of an employee, the compensation act is to be liberally construed. *Crews* v. *Moseley Bros.*, 148 Va. 128, 138 S. E. 494.

[4] In placing a wife, husband and designated children in a class to themselves, the legislature eliminated all conjecture as to their status, and left only for investigation as to them the question of whether or not the death of the employee arose out of and in the course of the employment.

[5] In the language employed, *supra*, designating the other class of persons who may be entitled to compensation, a wide discretion is vested in the Industrial Commission. From the proof adduced upon the hearing, it is the province of the Commission to find as a fact whether the particular claimant is entitled to compensation, and to determine the amount thereof.

If the legislature did not contemplate just such a case as the instant one, it is hard to conceive any "other person" who would come within the meaning of the second class of dependents. To adopt the construction of the statute urged by the appellant would confine the objects of legislative bounty to members of the family who were conclusively presumed to be dependent, and would convict the law makers of enacting a meaningless provision of the act.

In the petition of appellant it is contended: "If the ruling of the Industrial Commission of Virginia in the instant case is correct, then the law of the State is curiously inconsistent and leads to an anomalous and.

incongruous conclusion. It awards to a sister compensation which it withholds from a wife or a child. It affords to the sister a hearing on facts tending to show actual dependency where it refuses to permit the wife or child to introduce such proof. It puts the legislators in the attitude of regarding with greater solicitude the collateral than the direct beneficiary."

A complete answer to this contention is the explicit language of the statute. In unmistakable terms it provides for the termination of compensation when a widow remarries or a child mentally or physically fit becomes eighteen years of age. If a change in the statute is desirable, it must be effected by the law making body and not by the court.

Dealing with a question similar to the one herein involved the court, in *Maryland Casualty Co.* v. *Campbell*, 34 Ga. App. 311, 129 S. E. 447, said: "The question of dependency is one of facts and circumstances of each particular case, from the amounts, frequency and continuity of actual contributions of cash or supplies, the needs of the claimants, and the legal or moral obligations of the employee."

In *Smith* v. *Crawford*, 2 O. I. C. 145, it appears that the deceased employee, a boy fifteen years of age, had, with the consent of his mother, lived with his grandmother since he was an infant; that he contributed to the support of his grandmother nearly all of his earnings; that the grandmother had been deserted by her husband, who had not rendered her any support for eight years prior to the death of the grandson. Upon this state of facts, the Industrial Commission held that the grandmother came within the second class of dependents provided for by section 40, and awarded compensation. There was no appeal from this award.

In *Martin* v. *Edmondson Tobacco Co.*, 6 O. I. C. 227, grandchildren, though not specifically mentioned in section 40, were awarded compensation, which could only be done by virtue of the second provision of the section.

In *re Lanman*, 65 Ind. App. 636, 117 N. E. 671, construing the Indiana compensation act (Laws 1915, chapter 106), which contains a provision similar to our act, the court said: "The questions submitted for our determination involve the dependency of a sister and niece on the earnings of an employee. The workman's compensation act of this State makes certain provisions for dependents, but does not undertake to define dependency. Section 38 of such act specifies who shall be conclusively presumed to be wholly dependent for support upon a deceased employee, and then provides as follows:

" 'In all other cases, questions of dependency, in whole or in part, shall be determined in accordance with the fact, as the fact may be at the time of the injury.'

"It will be found that sisters and nieces are not included in any of the classes in which dependency is conclusively presumed by the terms of the act. The fact of their dependency and the degree thereof must, therefore, be determined in accordance with the existing facts at the time of the death of the employe in question."

[6] From what has been said it follows that we are of the opinion that the second class of cases created by the statute rests neither upon relationship nor presumption, but wholly upon the facts as they exist at the time of the death of the employee, and is subject to change by the Commission as the condition of

economic dependence or independence of the benefi-
ciaries may vary from time to time.

There is no error in the decision of the Industrial
Commission and it will be affirmed.

*Affirmed.*