# Richmond

COMMONWEALTH OF VIRGINIA, EX REL., STATE HIGHWAY
COMMISSION V. LEWIS McGUIRE, GUARDIAN FOR
JOE LEWIS BRAXTON, AN INFANT.

November 22, 1948.

Record No. 3427.

Present, All the Justices.

*J. Lindsay Almond, Jr., Attorney General,* and *H. T. Williams, Jr., Special Counsel for the Virginia Highway Commission,* for the appellant.

*Gordon Lewis* and *R. O. Norris, Jr.,* for the appellee.

GREGORY, J., delivered the opinion of the court.

Joe Lewis Braxton was held to be a dependent of Luther Braxton by the Industrial Commission within the meaning of that term as used in section 40 of the Workmen's Compensation Act (Code, sec. 1887(40) ). This action of the commission is brought to us for review by the petition for this appeal.

Luther Braxton, who was an employee of the Virginia State Highway Commission, met his death as the result of an accident arising out of and in the course of his employment. His death occurred on November 13, 1947, by drowning, while he was working on a bridge owned by the State of Virginia. His weekly wage was $36.47, which was sufficient to entitle his dependents, if any, to a maximum award of $20 per week for 300 weeks.

Braxton was a widower at the time of his death and was survived by one daughter, Mrs. Catherine Braxton Richardson, age 26 who was not dependent upon him. Some

seven years prior to his death, to-wit, on December 26, 1940, Louise Hence Braxton Bundie carried her infant son, Joe Lewis Braxton, who was not related to Luther Braxton, to the latter's home and left him there. At that time the infant was a little more than a year old and the wife of Luther Braxton was then living. Luther Braxton assumed the custody and support of this child and afforded him support during his (Braxton's) life, some seven years in all, though he never adopted the child. It does not appear that he had any other support.

In January, 1944, or 1945, the wife of Luther Braxton died, and soon thereafter the mother of the child, who was then residing in New Jersey, requested Luther Braxton to surrender the child to her. However, Braxton persuaded the mother to let the child remain with him and he did remain with him until Braxton's death on November 13, 1947.

Since the death of Braxton the child had been living with Catherine Braxton Richardson, his daughter, and later was taken by the mother to New Jersey.

The mother is employed in New Jersey, and during the asparagus and tomato season she receives from $30 to $35 per week. Her testimony is, "I work at the plant in asparagus and tomato season and would average around some time from $30 to $35 a week, that is, when I worked long hours. I worked forty hours straight and after forty hours I would get time and a half and I would get $30 to $35 a week when I worked after supper."

No question has been raised that the child has not been supported by Braxton. Inasmuch as the child was not related to Braxton or adopted by him the sole question is whether he was a dependent of Braxton at the time of the accident resulting in his death within the meaning of the Compensation Act.

On December 18, 1947, Lewis McGuire was appointed and qualified as guardian of the child in the Circuit Court of Essex county.

Section 40 of the Act (Acts of 1944, C. 82), as it appears

in the 1948 Cumulative Supplement to the Virginia Code of 1942 (sec. 1887(40) (Michie) ), defines the persons who are dependents upon a deceased employee. In part that section reads as follows: "(a) A wife upon a husband whom she had not voluntarily deserted or abandoned at time of the accident.

"(b) A husband upon a wife with whom he lived at the time of her accident if he is then incapable of self-support and actually dependent upon her.

"(c) A boy under the age of eighteen, or a girl under the age of eighteen, upon a parent. If a child is over the ages specified above, but physically or mentally incapacitated from earning a livelihood, he or she shall be presumed to be totally dependent.

"(d) Parents in destitute circumstances, provided there be no total dependents pursuant to other provisions of this section."

Later on in the section is this pertinent language: "In all other cases questions of dependency in whole or in part shall be determined in accordance with the facts as the facts are at the time of the accident * * *." It is quite significant that in the four paragraphs set out above dependency is made to depend upon relationship and where relationship exists the dependency is conclusively presumed, while in the language of the subsequent portion of the statute, quoted above, kinship is not essential.

Commissioner Robinson, who heard the case, in his opinion found the facts and declared that dependency existed. His opinion, we think, clearly supports his finding. It, in part, reads as follows: "Section 40 of the Compensation Act defines two classes of dependents. Clause A relates to a wife dependent upon a husband whom she had not voluntarily deserted or abandoned at the time of the accident; Clause B relates to a husband who is dependent upon a wife with whom he lived at the time of her accident if he is then incapable of self-support; Clause C relates to children under the age of eighteen who are dependent upon a parent or to mentally or physically incapacitated unmarried chil-

dren, even though they are over the ages of eighteen years; and Clause D provides for parents in destitute circumstances, provided there be no total dependents pursuant to other provisions of this section. Whenever it appears that the claimants come within the classification designated by these clauses, they are conclusively presumed to be dependent and no evidence is required to show the fact of such dependency.

"The second class of dependents is provided for in section 40 in the following language:

" 'In all other cases questions of dependency in whole or in part shall be determined in accordance with the facts as the facts may be at the time of the accident * * *.'

"While the first class of dependents are, as a matter of law, conclusively presumed to be dependent, it is to be observed that the question of dependency, as it relates to the second class, depends upon proof in the particular case.

"In *Virginia Elec., etc., Co.* v. *Place*, 150 Va. 562, at page 569, 143 S. E. 756, Judge Campbell, speaking for the Court, said:

" 'From what has been said it follows that we are of the opinion that the second class of cases created by the statute rests neither upon relationship nor presumption, but wholly upon the facts as they exist at the time of the death of the employee, and is subject to change by the commission as the condition of economic dependence or independence of the beneficiaries may vary from time to time.'

"From the evidence presented the·finding is made that Joe Lewis Braxton is a dependent within the meaning of the Compensation Act and is entitled to compensation at the rate of $20.00 per week."

Later, upon a hearing before the full commission, the finding of Commissioner Robinson was confirmed in an opinion by Nickels, Commissioner. It reads, in part, as follows: "It is, therefore, clear the status of the case from the standpoint of dependency is fixed as of the date of the accident. The fact the mother of the child was earning

enough to support it, is an immaterial consideration beyond the purview of the foregoing language. The language used makes it clear the status of the child as a dependent of the deceased is to be fixed as of the time of the accident, provided the dependency had existed for a period of at least three months.

"The uncontradicted facts existing at the time of the accident show the claimant was dependent upon the deceased and had been for a period of several years.

"The legal interpretation of the language used, and the facts proven, are so clear and unequivocal, we feel any other decision would be contrary to the law and the facts."

These opinions so effectively dispose of the case that little more need be said.

In *Virginia Elec., etc., Co. v. Place*, 150 Va. 562, at page 567, 143 S. E. 756, which has been referred to in the opinion of Commissioner Robinson, Judge Campbell, speaking for the court, had this to say: "In placing a wife, husband and designated children in a class to themselves, the legislature eliminated all conjecture as to their status, and left only for investigation as to them the question of whether or not the death of the employee arose out of and in the course of the employment.

"In the language employed, *supra*, designating the other class of persons who may be entitled to compensation, a wide discretion is vested in the Industrial Commission. From the proof adduced upon the hearing, it is the province of the Commission to find as a fact whether the particular claimant is entitled to compensation, and to determine the amount thereof.

"If the legislature did not contemplate just such a case as the instant one, it is hard to conceive any 'other person' who would come within the meaning of the second class of dependents. To adopt the construction of the statute urged by the appellant would confine the objects of legislative bounty to members of the family who were conclusively presumed to be dependent, and would convict the law makers of enacting a meaningless provision of the Act."

The Industrial Commission has exercised the wide discretion vested in it in this case and has settled the question of dependence.

We, therefore, affirm the award of the commission.

*Affirmed.*