# Richmond

WILLIAM H. GLASSCO, ET AL. V. MARTHA WATKINS GLASSCO.

October 12, 1953.

Record No. 4128.

Present, All the Justices.

The opinion states the case.

*John G. May, Jr., Ernest G. Garrett, Jr.* and *G. Kenneth Miller,* for the appellants.

*Allen, Allen, Allen & Allen* and *Ashby B. Allen,* for the appellee.

EGGLESTON, J., delivered the opinion of the court.

William S. Glassco was killed instantly on January 9, 1952, in an accident arising out of and in the course of his employment at a sawmill owned and operated by his father, William H. Glassco. The deceased would have been nineteen years old in the month following his death. It is undisputed that at the time of his death the deceased was regularly employed by his father at a wage of $1.00 an hour, and had been so employed since the middle of 1951.

Martha Watkins Glassco, the mother of the deceased employee and the wife of the employer, William H. Glassco, filed a claim with the Industrial Commission to recover compensation benefits, claiming partial dependency upon her son. The hearing commissioner, Nickels, in a written opinion, found that the claimant-mother was twenty per cent dependent upon her son, the deceased employee, but denied her compensation upon the principle that since under the settled law in this State a wife cannot maintain a tort action against her husband,[1] she cannot maintain a proceeding before the Industrial Commission to recover compensation benefits of her husband, the employer, and his insurance carrier. Upon a review before the full Commission the majority, with Nickels dissenting, held that the claimant-wife was entitled to an award of compensation based upon fifty per cent dependency. To review that award this appeal has been allowed the insurance carrier.

[1] *Keister's Adm'r.* v. *Keister's Ex'rs.,* 123 Va. 157, 96 S. E. 315, 1 A. L. R. 439; *Furey* v. *Furey,* 193 Va. 727, 71 S. E. (2d) 191.

The first contention of the insurance carrier is that conceding that the claimant was partially dependent upon her deceased son for support, the settled doctrine in this State that she cannot maintain a tort action against her husband bars her recovery of compensation benefits under the Workmen's Compensation Act.

This contention is based upon a misconception of the right to, and liability for, compensation benefits under the Act. A proceeding under the Act is not one to recover damage for a wrong, for the employer's liability is not based upon tort. *Burlington Mills Corp.* v. *Hagood,* 177 Va. 204, 210, 13 S. E. (2d) 291, 293; *Fauver* v. *Bell,* 192 Va. 518, 523, 65 S. E. (2d) 575, 578. It is a proceeding to enforce a liability imposed by statute for an injury received by, or death of, an employee in the course of and arising out of his employment. As to an employer coming within its terms the Act imposes a legal obligation to compensate financially the injured employee for such an injury, or the employee's dependents, in case of death. Thus, the statute reads into every contract of employment within the purview of the Act the obligation of the employer to pay, and the right of the employee or his dependents to recover, such benefits.

Code, § 65-3, defines "employers" as including "any individual * * * using the service of another for pay."

Code, § 65-4, embraces within the term "employee" "every person, including a minor, in the service of another under any contract of hire * * * , written or implied, * * * ."

These definitions are all-inclusive and make no exception, as some of the acts do,[2] because of family relationship between the employer and employee. Neither is there any such exception in Code, §§ 65-63 and 65-64, providing for benefits to the employee's dependents. Nowhere in the statute do we find any basis for the claim that because the employer is the husband of the claimant the latter is to be barred from recovering death benefits payable to the de-

---

[2] 58 Am. Jur., Workmen's Compensation, § 149, p. 677.

pendents of a deceased employee. To read such an exception into the statute by judicial interpretation would run counter to the settled principle that the statute should be liberally construed to effectuate its humane purpose.

In *Keller* v. *Industrial Commission*, 350 Ill. 390, 183 N. E. 237, the only case which we have been able to find dealing with the precise question, it was held that the dependent mother of a deceased son was entitled to compensation for his death, arising out of and in the course of his employment, although the employer was the claimant's husband.

Since the claimant here is not within the relationship of a presumed dependent (Code, § 65-63), her claim rests upon section 65-64 which provides that: "In all other cases questions of dependency in whole or in part shall be determined in accordance with the facts as the facts are at the time of the accident; * * * ."

It will be observed that section 65-64 does not define dependency or specify the indicia of that status. In applying this section we have said that "From the proof adduced upon the hearing, it is the province of the Commission to find as a fact whether the particular claimant is entitled to compensation, and to determine the amount thereof." *Virginia Electric & Power Co.* v. *Place*, 150 Va. 562, 567, 143 S. E. 756. See also, *Commonwealth* v. *McGuire*, 188 Va. 444, 449, 50 S. E. (2d) 284, 287.

In 58 Am. Jur., Workmen's Compensation, § 163, pp. 686, 687, it is said: " * * * in a majority of jurisdictions the view seems to have been accepted that dependency within the terms of the statute does not mean absolute dependency for the necessities of life, but rather that the applicant looked to and relied on the contributions of the workman, in whole or in part, as a means of support and maintenance in accordance with his or her social position and accustomed mode of life. * * * A person may be a dependent of the deceased workman although possessed of some property, or supported in part by other members of the family. Furthermore, the right to compensation as a dependent of a deceased employee is

not affected, ordinarily, by the existence of the right to compel support from others."

In this State the Commission has correctly held that the fact that the deceased employee made gifts of money to the claimant from time to time is not a sufficient basis for finding a dependency under section 65-64. The employee must have contributed with some degree of regularity and such contributions must have been relied upon by the claimant for reasonable necessaries consistent with his or her station in life. *Brown* v. *Camp Mfg. Co.*, 3 O. I. C. 255; *Burkhalter* v. *Stonega Co.*, 7 O. I. C. 312; *Crosby* v. *Norfolk Warehouse Corp.*, 8 O. I. C. 417; *Riddle* v. *Ritter Lumber Co.*, 9 O. I. C. 34; *Jenkins* v. *Stonega Coke & Coal Co.*, 17 O. I. C. 167.

In determining questions of dependency the Act should be liberally construed. *Blue Ribbon Pie Kitchens, Inc.* v. *Long*, 230 Ind. 257, 103 N. E. (2d) 205, 207.

Tested by these principles we are of opinion that the evidence was sufficient to warrant the finding by the Commission that the claimant was partially dependent upon her son, the deceased employee.

The evidence of dependency, viewed in the light most favorable to the claimant, shows that the father-employer conducted a sawmill operation in which he employed three trucks and three tractors. He estimated this equipment to be worth approximately $5,000, on which there is an indebtedness of $2,000. From this operation he grossed the sum of $25,000 per year and a net income of from $40 to $45 per week. He owns his home which is worth approximately $5,000, and on which there is a $1,500 mortgage. He also owns another house in the neighborhood, valued at $2,500, in which his brother lives, rent free, in consideration of the upkeep thereon. Out of his net income of from $40 to $45 per week, the employer supported himself, his four minor children other than the deceased, and partially supported his wife, the claimant. The deceased son lived with his parents without paying for any board or lodging. He owned a

1948 Mercury automobile upon which his father was keeping up the monthly payments.

From the time the deceased entered the employment of his father until his death he regularly gave to his mother out of his wages from $10 to $12 per week. She testified that this money was given to her for her sole use and benefit, that she "looked forward to it," relied on it, and used it to "buy clothes and necessary things that I needed 'cause he liked for me to look like other people when I went out," and that "he knew that his daddy wasn't making enough to do this for me and he did it for me to help me." Out of the son's contributions she also paid some of her medical and dental expenses and "bought little things for the house." In the meantime her husband gave her approximately $15 per week with which to buy groceries. And while he also gave her the money with which to buy "some clothes," he was unable to give her what the deceased son "would like" for her to have had. There was evidence that since her son's death she was unable to acquire those things which she had been accustomed to buy out of his contributions.

Thus, the evidence shows that the deceased employee made regular contributions to his mother, the claimant, and that she looked to and relied upon such contributions for necessaries consistent with her station in life. Her claim for compensation as a partial dependent should not be denied because she was supported in part by her husband, upon whom that responsibility primarily rested. 58 Am. Jur., Workmen's Compensation, § 163, pp. 686, 687, *supra; Smith* v. *National Sash & Door Co.*, 96 Kan. 816, 153 P. 533.

Complaint is next made of the action of the full Commission in increasing the percentage of dependency from twenty per cent, as fixed by the hearing commissioner, to fifty per cent. It appears from his written opinion that the hearing commissioner based his conclusion upon the finding that the father contributed $40 per week to the support of the whole family, and that the employee-son supplemented

this by a contribution of $10 per week, or twenty per cent of the whole.

But the evidence is that the son's contributions were not to the family fund, but to his mother for her personal use and that she so used them. The majority of the full Commission reasoned that since the husband contributed an average of $42.50 per week for the support of himself, his wife and four children, and provided the deceased son with board, this was tantamount to a "monetary contribution" of approximately $6 per week to his wife, to which should be added $4.65 for her lodging, bringing the husband's total weekly contribution to her up to approximately $11. It further concluded that since the son's contributions to his mother were from $10 to $12 per week, or an average of $11, his contributions amounted to fifty per cent of the total received by her from both sources. We are of opinion that there is ample evidence to support this conclusion.

For these reasons the award is

*Affirmed.*