## RYDER TRUCK LINES, INC. *v.*
## DONNA KENNEDY ET AL.

[No. 42, September Term, 1982.]

*Decided August 15, 1983.*

*Motion for reconsideration filed on August 26, 1983; denied September 7, 1983.*

The cause was argued before MURPHY, C. J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

*Raymond A. Richards,* with whom were *Rollins, Smalkin, Weston, Richards & Mackie* on the brief, for appellant.

*William Harris Zinman* for appellees.

COLE, J., delivered the opinion of the Court.

In this case, we must determine whether Md. Code (1957, 1979 Repl. Vol.), Art. 101, § 21 (c) (4) bars a deceased employee's dependents from receiving compensation in Maryland merely because unrelated claimants also asserting that they were dependents of the deceased received an award under the workmen's compensation law of a foreign jurisdiction.

Ernest John Grass, Jr., was a truck driver employed by Ryder Truck Lines, Inc. (Ryder) at its place of business in Hagerstown, Maryland. On August 23, 1979, while operating his employer's vehicle in Virginia, he was killed in an accident arising out of and in the course of his employment. At the time of his death, Grass lived in Maryland and maintained a home with Donna Kennedy, Ginger Kennedy (the minor child of Ernest Grass, Jr., and Donna Kennedy) and Stephen Kennedy (the minor child of Donna Kennedy and her former husband, Charles Kennedy). However, at this same time, he had a lawful wife, Domenica Grass, and a minor daughter, Teresa Grass, who resided in Florida. Ernest Grass contributed to the support of his wife and their daughter but apparently fully supported Donna, Ginger and Stephen Kennedy at their home in Maryland.

Donna Kennedy filed claims before the Maryland Workmen's Compensation Commission on behalf of Ginger Kennedy on October 25, 1979, on her own behalf on January 11, 1980, and added the name of Stephen Kennedy as a claimant before the Commission on August 8, 1980.

On December 5, 1979, Domenica Grass and her daughter filed for survivors' benefits with the Industrial Accident Commission of the Commonwealth of Virginia. Donna Kennedy, through counsel, had notice of the Virginia proceeding but elected not to participate therein. The Virginia Commission rendered an award to Domenica Grass and Teresa Grass of survivors' benefits of $199.00 per week for 500 weeks.

Thereafter, Domenica Grass and Teresa Grass filed a claim with the Maryland Commission alleging total dependency. Both the Grass and Kennedy claims were heard by the Maryland Commission on August 8, 1980, at which time Ryder challenged the Kennedy claim of total dependency and sought credit for the sum granted on the Grass claim in the Virginia proceeding, which was to be paid by its Virginia workmen's compensation insurer. Ryder ultimately raised Section 21 (c) (4) of Article 101 as a defense.

On December 24, 1980, the Maryland Commission passed its award in favor of the Kennedys at a rate of $220.00 per week; denied any compensation to Domenica Grass and her daughter; and disallowed any credit for the sums paid under the Grass award from the Virginia Commission. Ryder appealed to the Circuit Court for Washington County which affirmed. Ryder then appealed to the Court of Special Appeals but we granted certiorari prior to consideration by that court to consider the important and novel question presented.

Ryder contends that because Domenica Grass and her daughter recovered as total dependents of the deceased in Virginia, Donna Kennedy and her two children should not also be able to recover as total dependents in Maryland. However, because the Virginia and Maryland statutes differ markedly in their treatment of claimants, both the Grasses

and Kennedys have been able to recover as full dependents of the decedent in Virginia and Maryland, respectively.

The Virginia workmen's compensation statute provides that a wife who has not abandoned her husband and is actually dependent upon him is conclusively presumed to be wholly dependent. *See* Va. Code § 65.1-66(1) (1950, 1980 Repl. Vol.); *Caudle-Hyatt, Inc. v. Mixon,* 220 Va. 495, 260 S.E.2d 193 (1979). The decedent's child also is conclusively presumed to be his dependent.[1] Persons not conclusively presumed to be wholly dependent may only recover by demonstrating their actual dependency. *See* Va. Code § 65.1-67 (1950, 1980 Repl. Vol.); *see generally Glassco v. Glassco,* 195 Va. 239, 77 S.E.2d 843 (1953); *Virginia Electric & Power Co. v. Place,* 150 Va. 562, 143 S.E. 756 (1928). Generally, dependents of the deceased employee are entitled to compensation equal to two thirds of his average weekly wages (with a maximum of 100%, and a minimum of 25%, of the Commonwealth's average weekly wage) for a period of four hundred weeks. However, persons conclusively presumed to be wholly dependent under § 65.1-66 (1), (2) and (3) of the Virginia Code are entitled to compensation at the same rate for five hundred weeks. *See* Va. Code § 65.1-65 (1950, 1983 Cum. Supp.). Under normal circumstances there is no provision for payments to extend past this time if the

---

1. Section 65.1-66 of the Virginia Workmen's Compensation Title provides in full:

*Persons conclusively presumed to be wholly dependent.* — The following persons shall be conclusively presumed to be dependents wholly dependent for support upon the deceased employee:

(1) A wife upon a husband whom she had not voluntarily deserted or abandoned at the time of the accident or with whom she lived at the time of his accident, if she is then actually dependent upon him.

(2) A husband upon a wife whom he had not voluntarily deserted at the time of the accident or with whom he lived at the time of her accident if he is then actually dependent upon her.

(3) A child under the age of eighteen upon a parent and a child over such age if physically or mentally incapacitated from earning a livelihood or a child under the age of twenty-three if enrolled as a full-time student in any accredited educational institution.

(4) Parents in destitute circumstances, provided there be no total dependents pursuant to other provisions of this section.

As used in this section, the term "child" shall include a stepchild, a legally adopted child, a posthumous child, and an acknowledged

employee's dependents cannot become self-supporting.[2] If more than one person is wholly dependent, then death benefits must be divided among them.[3] Neither the statute nor case law clarifies precisely how the award is to be divided. However, it is obvious that if the Kennedys had proceeded in Virginia they would have had to demonstrate their total dependency upon the deceased employee and then share the award with Domenica and Teresa Grass, who only received partial support from the deceased, yet under Virginia law were conclusively presumed to be totally dependent.

In Maryland, dependency is the decisive factor in determining who will receive a compensation award.[4]

illegitimate child, but shall not include a married child; and the term "parent" shall include stepparents and parents by adoption. [Va. Code § 65.1-66 (1950, 1980 Repl. Vol.).]

2. Va. Code § 65.1-71 (1950, 1980 Repl. Vol.) expressly states:

*Limitation upon total compensation.* — The total compensation payable under this Act shall in no case exceed the result obtained by multiplying the average weekly wage of the Commonwealth as defined in § 65.1-54 for the applicable year by five hundred, except in cases of total permanent incapacity as defined in § 65.1-56 (18) and in cases of permanent disability under § 65.1-56.1 (4) and death from coal worker's pneumoconiosis under § 65.1-65.1.

3. Va. Code § 65.1-68 (1950, 1980 Repl. Vol.) provides:

*Division when there is more than one dependent.* — If there is more than one person wholly dependent, the death benefit shall be divided among them; and persons partly dependent, if any, shall receive no part thereof. If there is no one wholly dependent and more than one person partially dependent, the death benefit shall be divided among them according to the relative extent of their dependency.

4. Md. Code (1957, 1979 Repl. Vol.), Art. 101, § 36 (8) (e) provides:

(e) In all cases, questions of dependency, in whole, or in part, shall be determined by the Commission in accordance with the facts in each particular case existent at the time of the injury resulting in death of such employee, except as otherwise provided in this subsection (8).

Case law clearly states that a dependent is one who *in fact* relied upon the workman for the reasonable necessities of life. *See* Johnson v. Cole, 245 Md. 515, 226 A.2d 268 (1967); Mullan Construction Co. v. Day, 218 Md. 581, 147 A.2d 756 (1959); C. W. Wright v. Brannan, 217 Md. 397, 142 A.2d 574 (1958); Mario Anello v. Dunn, 217 Md. 177, 141 A.2d 731 (1958); Havre De Grace Firew'ks Co. v. Howe, 206 Md. 158, 110 A.2d 666 (1955). Thus, various persons who are not spouses or children have been determined to be dependent upon a deceased employee. *See* Knibb v. Jackson, 210 Md. 292, 123 A.2d 338 (1956) (question of brother's dependency properly submitted to jury); Kendall v. Housing Authority, 196 Md. 370, 76 A.2d 767

Persons determined to be wholly dependent are entitled to receive payments at the rate of two thirds of the deceased employee's average weekly wages (not to exceed 100% of the state average weekly wage, nor be less than $25 per week unless the employee's actual wages were less) to continue during total dependency, but not to exceed $45,000. *See* Md. Code (1957, 1979 Repl. Vol.), Art. 101, § 36 (8) (a). After this sum has been exhausted, a surviving wife or husband who remains wholly dependent may continue to receive payments at the same rate. *See id.*[5] Section 36 (8) (d) also provides that payments to dependent children shall continue until the child is eighteen years of age, unless the child is attending school on a full-time basis wherein such payments shall continue for a period not in excess of five years. Benefits may also continue for a child beyond the age of eighteen when said child is wholly dependent and incapable of self-support by reason of mental or physical disability or other sufficient reason as determined by the Commission.

---

(1950) (woman who cohabited with deceased workman although not married to him was in fact dependent); Meyler v. Mayor and City Council, 179 Md. 211, 17 A.2d 762 (1941) (issue of whether adult stepdaughter was a dependent of the employee was for the jury); Mech v. Storrs, 169 Md. 150, 179 A. 525 (1935) (sister held to be a dependent of deceased employee); Grant v. Kotwall, 133 Md. 573, 105 A. 758 (1919) (mother found to be partial dependent of son).

5. Md. Code (1957, 1979 Repl. Vol.), Art. 101, § 36 (8) (a) provides in relevant part:

If a surviving wife, husband, or child continues to be totally dependent after the total amount of $45,000.00 has been paid, further payments to the surviving wife, husband, or child shall be paid at the same weekly rate during his or her total dependency. If a surviving wife, husband or child, except as set forth in paragraph (d) herein, who is wholly dependent at the time of death becomes thereafter wholly or partially self-supporting, payments shall nevertheless continue until the total sum of $45,000.00 has been paid, and thereafter further benefits shall cease. It is the intention herein that a surviving wife or husband who is wholly dependent at the time of death shall receive at least the total sum of $45,000.00, even though she or he becomes wholly or partially self-supporting before that sum is paid. The Commission has continuing jurisdiction to determine whether the surviving wife, husband, or child has become wholly or partially self-supporting, and to suspend, terminate or reinstate suspended or terminated payments of compensation. The provisions of this paragraph (8) (a) which provide for a continuation of payments until the total sum of $45,000 has been paid do not apply to a widow or widower who

In Maryland, a spouse only receiving partial support would be a partial dependent, entitled to weekly payments not to exceed $17,500. *See* Md. Code (1957, 1979 Repl. Vol.), Art. 101, § 36 (8) (b). If there are both wholly and partly dependent persons, the Commission is responsible for apportioning the compensation award among these claimants.[6]

Thus, under the law of Maryland or Virginia alone Ryder or its Virginia insurer would have had to pay no more than two thirds of Mr. Grass's average weekly wages. Ryder's main thrust is that because Domenica Grass and her daughter recovered almost $100,000 in Virginia as dependents of Ernest Grass, the Kennedys should be barred in Maryland from recovery as total dependents. Ryder maintains that to require it to pay employee's dependents again would be double recovery, precluded by § 21 (c) (4) of Article 101.[7] The pertinent part of that section reads:

> If an employee or the dependents of an employee shall receive compensation or damages under the laws of any other state, nothing herein contained

---

remarries; for this person the payments shall cease as of the time of remarriage, but he may receive and keep the payments made under paragraph (8) (i) of this section.

We note that other states recognizing actual dependency also provide for potentially extended compensation for spouses or children while not allowing other dependents to receive more than the basic award. *See* Conn. Gen. Stat. § 31-306 (1983-1984 Cum. Supp.); N.H. Rev. Stat. Ann. § 281:22 (1981 Supp.); N.J. Stat. Ann. § 34:15-13 (West 1983-1984 Cum. Supp.); N.C. Gen. Stat. § 97-38 (1982-1983 Cum. Supp.); Tex. Rev. Civ. Stat. Ann. art. 8306 § 8 (Vernon 1982-1983 Cum. Supp.); *see also* Alaska Stat. § 23.30.215 (1981); Ill. Ann. Stat. ch. 48, § 138.7 (1983-1984 Cum. Supp.); Kan. Stat. Ann. § 44-510b (1981); Vt. Stat. Ann. tit. 21, § 635 (1978); W. Va. Code § 23-4-10 (1981); Wyo. Stat. §§ 27-12-408, 409, 410 (1983).

**6.** Section 36 (8) (c) provides for apportionment if there are both total and partial dependents:

(c) If there are wholly dependent persons and partly dependent persons, the Commission may, in its discretion, award compensation to the wholly dependent persons only, or it may apportion such compensation among such wholly dependent and partly dependent persons in such proportion as, in the discretion of the Commission, it may consider fair and equitable under all of the facts and circumstances of the case. [Md. Code (1957, 1979 Repl. Vol.), Art. 101, § 36 (8) (c).]

**7.** Md. Code (1957, 1979 Repl. Vol.), Art. 101, § 21 (c) (4) provides as follows:

shall be construed so as to permit a total compensation for the same injury greater than is provided for in this article.

We have repeated time and again that the cardinal principle of statutory construction is to determine the legislative intent. To do this we look first to the language in the statute. If it is clear, then we need look no further. *See Utt v. State,* 293 Md. 271, 443 A.2d 582 (1982); *Vallario v. State Roads Comm'n,* 290 Md. 2, 426 A.2d 1384 (1981); *Briggs v. State,* 289 Md. 23, 421 A.2d 1369 (1980); *Department of Public*

---

(4) Casual employees or any employees who are employed wholly without the State, except that for all purposes of this article, casual, occasional or incidental employments *outside of* this State by the Maryland employer of an employee or employees regularly employed by said employer within this State shall be construed to be employment within this State, and except that if a contract of employment is entered into in this State for work to be done entirely outside of the United States, this State shall have jurisdiction over work-related injuries or occupational diseases. If an employee or the dependents of an employee shall receive compensation or damages under the laws of any other state, nothing herein contained shall be construed so as to permit a total compensation for the same injury greater than is provided for in this article.

An employee and his employer who are not residents of this State and whose contract of hire is entered into in another state shall be exempted from the provisions of this article while such employee is temporarily or intermittently within this State doing work for such nonresident employer, if such employer has furnished workmen's compensation insurance coverage under the workmen's compensation or similar laws of such other state, so as to cover such employee's employment while in this State; provided the extraterritorial provisions of this article are recognized in such other state and provided employers and employees who are covered in this State are likewise exempted from the application of the workmen's compensation or similar laws of such other state. The benefits under the workmen's compensation act or similar laws of such other state shall be the exclusive remedy against such employer for any injury, whether resulting in death or not, received by such employee while working for such employer in this State.

A certificate from the duly authorized officer of the industrial accident commission or similar department of another state certifying that the employer of such other state is insured therein and has provided extraterritorial coverage insuring his employees while working within this State shall be prima facie evidence that such employer carries such compensation insurance.

*Safety v. LeVan,* 288 Md. 533, 419 A.2d 1052 (1980); *Dorsey v. Beads,* 288 Md. 161, 416 A.2d 739 (1980); *State v. Berry,* 287 Md. 491, 413 A.2d 557 (1980); *Messitte v. Colonial Mortgage Serv.,* 287 Md. 289, 411 A.2d 1051 (1980); *Board v. Stephans,* 286 Md. 384, 408 A.2d 1017 (1979); *Harbor Island Marina v. Calvert Co.,* 286 Md. 303, 407 A.2d 738 (1979); *Mauzy v. Hornbeck,* 285 Md. 84, 400 A.2d 1091 (1979); *Massage Parlors, Inc. v. City of Balto.,* 284 Md. 490, 398 A.2d 52 (1979); *Balto. Gas & Elec. Co. v. Board,* 278 Md. 26, 358 A.2d 241 (1976); *Baltimore County v. White,* 235 Md. 212, 201 A.2d 358 (1964). If it is unclear and ambiguous, we seek other aids in uncovering the legislative intent or in recognizing the legislative purpose. *See Bledsoe v. Bledsoe,* 294 Md. 183, 448 A.2d 353 (1982); *Briggs v. State, supra; State v. Berry, supra; Brown v. Brown,* 287 Md. 273, 412 A.2d 396 (1980); *Fairchild v. Maritime Air Serv.,* 274 Md. 181, 333 A.2d 313 (1975); *Gatewood v. State,* 244 Md. 609, 224 A.2d 677 (1966); *Walker v. Montgomery County,* 244 Md. 98, 223 A.2d 181 (1966); *Truitt v. Board of Public Works,* 243 Md. 375, 221 A.2d 370 (1966); *Md. Medical Service v. Carver,* 238 Md. 466, 209 A.2d 582 (1965).

In our view, the language is ambiguous because it does not clearly indicate whether the dependent receiving an award in a foreign state must be the same dependent in this State or may be a different and unrelated dependent before the operation of the statute is triggered. Therefore, we must look further for guidance.

Initially, we note that the history of the statute is not helpful. This language has been included in the workmen's compensation statute, essentially unchanged and without legislative comment, since its original introduction in 1922,[8]

---

8. The language was proposed by Senator Frick to:

> Amend by adding at the end of Section 63 (Sub-Section 3), the following words: "provided, however, if an employee or the dependents of an employee shall receive compensation or damages under the laws of any other state, nothing herein contained shall be construed so as to permit a total compensation for the same injury greater than is provided for in this Act."

The only changes have been to separate what originally was a clause in a long sentence into one separate sentence and to change "Act" in the original language to "article" in the current Code. *See* Md. Code (1924), Art. 101, § 65 (3); Md. Code (1939), Art. 101, § 80 (3); Md. Code (1951), Art. 101, § 68 (3); Md. Code (1957), Art. 101, § 67 (3).

and has not been the subject of construction by this Court.

However, in our cases we have developed certain principles to be followed in construing provisions of the workmen's compensation law. We have said that all sections of the workmen's compensation law must be read and considered together in arriving at the true intent of the legislature, *Howard Contr. Co. v. Yeager,* 184 Md. 503, 41 A.2d 494 (1945); that in construing a compensation statute, "the purpose of the whole act must be borne in mind, and such construction be given as will effectuate the intent and spirit of the act, unless that construction is plainly denied by the language used," *Monumental Printing Co. v. Edell,* 163 Md. 551, 555, 164 A. 171 (1933), *quoted in State v. Richardson,* 233 Md. 534, 541, 197 A.2d 428 (1964); that the Act "should be construed as liberally in favor of injured employees as its provisions will permit in order to effectuate its benevolent purposes," *Howard Co. Ass'n, Retard. Cit. v. Walls,* 288 Md. 526, 530, 418 A.2d 1210 (1980); *see also Wiley Mfg. Co. v. Wilson,* 280 Md. 200, 373 A.2d 613 (1977); *Superior Builders, Inc. v. Brown,* 208 Md. 539, 119 A.2d 376 (1956); *Beth.-Sp. Pt. Shipy'd v. Hempfield,* 206 Md. 589, 112 A.2d 488 (1955); *Beth.-Fair. Shipyard v. Rosenthal,* 185 Md. 416, 45 A.2d 79 (1945); *Kraushar v. Construction Corp.,* 180 Md. 486, 25 A.2d 439 (1942); and that where there is ambiguity in the provision, the uncertainty should be resolved in favor of the claimant, *see Beth.-Fair. Shipyard v. Rosenthal, supra; Kraushar v. Construction Corp., supra; Lisowsky v. White,* 177 Md. 377, 9 A.2d 599 (1939).

Consistent with these guidelines, we note that the Act contains sections suggesting that it should be construed to favor recovery for the employee or his dependents. Section 63, "Construction of article," provides: "The rule that statutes in derogation of the common law are to be strictly construed shall have no application to this article; but this article shall be so interpreted and construed as to effectuate

its general purpose." The Preamble to Article 101 identifies this general purpose — to provide for "sure and certain relief for workmen . . . and their families and dependents. . . ." Section 64 (a) presumes, "in the absence of substantial evidence to the contrary: (a) That the claim comes within the provisions of this article."

Having noted the general purpose of the Act, we turn now to examine this specific part of § 21 (c) (4) to determine its purpose. The language "nothing herein contained shall be construed so as to permit a total compensation for the same injury greater than is provided for in this article" certainly limits a claimant's ability to recover in Maryland under some circumstances. To this extent the section departs from the broad remedial purpose of the article. However, the provision does not necessarily suggest a sweeping departure but rather, a qualifying circumstance, designed to prevent claimants from being unjustly enriched by an application of the article's benevolent purpose.

The circumstance occurs when an employee or the dependents of an employee receive compensation or damages under the laws of another state for the same injury and applies for or receives compensation in this State. Thus, the real question is to whom the phrase "the dependents" refers.

It seems to us that "the dependents" refers to the person or persons who received and shared a certain amount of money as support from the employee at the time of his death. Thus, an employee, as in the instant case, might have more than one dependent or set of dependents, differing in entitlement by the extent of support provided by the employee.

Furthermore, as we see it, this provision is designed to prevent the same dependents from recovering in another state compensation which when added to compensation awarded in this State is greater than the total compensation allowed by the Maryland Compensation Article for the same injury. Therefore, for this part of § 21 (c) (4) to apply a dependent would have to have received an award in a sister-state before the prohibition of the statute could be invoked, in which case that dependent's (or that set of depen-

dents') recovery would be limited to an amount not greater than the total compensation provided for the same injury under Article 101. We note that while the ultimate effect of this provision may limit the amount of money the employer-insurer is required to pay out, its primary purpose is to control the amount of compensation a dependent (or set of dependents) is entitled to receive.

Applying this reasoning to the facts of the instant case dictates a clear, sound and logical conclusion. Donna Kennedy and her children have neither received, nor even sought compensation in any other jurisdiction. Domenica Grass and her daughter elected to proceed in the State of Virginia where, under that State's statute, being the lawful wife and daughter of the deceased employee, they were presumed to be totally dependent, though in fact they were only partially dependent. Donna and her children had no control over this election to proceed under Virginia law and were under no compulsion to intercede in that proceeding. The Kennedys were free to choose to proceed in a jurisdiction more favorable to them, which they did. To hold that Domenica and Teresa Grass's receipt of compensation under the laws of Virginia could bar Donna and her children from recovering in Maryland would in effect make the laws of Virginia supreme and binding in this State. They are not the same dependents and § 21 (c) (4) does not apply. To adopt the argument advanced by Ryder would drain the life out of the Maryland statute and deprive the Kennedys of their entitlement as Maryland residents. We cannot conclude the legislature intended such an absurd result.

We conclude, therefore, that § 21 (c) (4) prohibits the same dependent who recovers a compensation award in a foreign state from recovering total compensation in Maryland for the same injury greater than is provided in Article 101 of the Code.

We further believe that an example of the correct application of § 21 (c) (4) is the denial to Domenica Grass and her

540

daughter of a partial dependency award in Maryland when they had received an award of total compensation in Virginia.

*Judgment of Circuit Court for Washington County affirmed. Ryder to pay the costs.*