## WALKER *v.* MONTGOMERY COUNTY COUNCIL

[No. 415, September Term, 1965.]

*Decided October 11, 1966.*

The cause was argued before HAMMOND, C. J., and HORNEY, OPPENHEIMER, BARNES and McWILLIAMS, JJ.

*J. Grahame Walker* for appellant.

Submitted on the brief by *Robert G. Tobin, Jr., County Attorney, Douglas H. Moore, Jr., Deputy County Attorney,* and *Robert H. Metz, Assistant County Attorney for Montgomery County,* for appellee.

HORNEY, J., delivered the opinion of the Court.

The sole question presented by this appeal is whether a former judge of the People's Court for Montgomery County, who was appointed to fill the unexpired term of his predecessor but

not reappointed at the end of such term, was entitled to the pension provided by § 108 (15) (b) of Article 52 of the Code of 1957 regardless of whether or not he continued the practice of law after he reached the age of sixty-five years.

The pertinent part of § 108 (15) (b) of Article 52 provides:

> "Every full-time judge of the People's Court for Montgomery County shall be paid, after the termination of active service, if he is then at least sixty-five years of age, or when he becomes sixty-five years of age, a pension or salary calculated at the rate of four hundred dollars ($400.00)[1] per annum for each year, or any part thereof, of active service, up to and including sixteen years of such active service, so that the maximum pension or salary for such service payable hereunder to any one person shall not exceed the sum of six thousand four hundred dollars ($6,400.00) per annum, provided, however, that no person serving less than twelve months as a judge under this subsection shall receive a pension or salary, unless such person involuntarily be caused to resign or to retire therefrom because of sickness or physical incapacity or disability before the termination of the prescribed minimum period of service. Provided further, however, that any such judge who has retired or who hereafter voluntarily retires from active service after reaching the age of sixty-five years and resumes the practice of law, shall not be entitled to the pension or salary provided by this subsection, or any portion thereof. In the event that a retired judge engaged in the practice of law should thereafter relinquish such practice and notify the County Council and the director of finance of Montgomery County of such [fact], then, from and after the date of such notification the judge shall be entitled to all the benefits provided by this subsection. This subsection shall apply to all judges already retired from active service except as provided herein."

---

1. The pension was increased in 1965. See Cumulative Supplement to 1964 Replacement Volume 5.

The appellant, J. Grahame Walker, was appointed, qualified and served as a full-time people's court judge for sixteen months from February 27, 1962, until June 27, 1963, at which time, his term having expired, the appellee, the County Council, appointed a successor to the appellant. At that time, not having reached the age of sixty-five, he resumed the practice of law and still is so engaged. When he became sixty-five on October 2, 1964, the appellant applied for but was denied a pension, and these proceedings were instituted.

It is the contention of appellant that since he did not retire voluntarily (he having been replaced by the appointment of another judge to take his place) he is entitled to a pension notwithstanding his unwillingness to discontinue the practice of law. The County Council, on the other hand, contends that the disentitlement of a retired judge to the pension, should he continue or resume practicing law, pertains to all judges regardless of whether their retirement was voluntary or involuntary. We agree. While the second provisory clause, reading "that any such judge who has retired or who hereafter voluntarily retires from active service," is not as clear as it would have been had the adverb "voluntarily" been omitted therefrom, there is little doubt that the Legislature, except for the special circumstances specified in the first provisory clause, did not intend that a judge who was released from his position against his will was to have an advantage with respect to a pension that was not accorded to a judge who voluntarily retired.

The words "retire" and "retired," according to Webster's *Unabridged Dictionary* (2nd Ed. 1964), connote the withdrawal of oneself from business, active service or public life. They can also mean the removal from a position or office. And, according to *Roget's International Thesaurus* (3rd Ed.), the words are synonymous with such other words as "dismiss[ed]," "remove[d]," "replace[d]," and "disengage[d]." It is thus apparent that one may retire or be retired voluntarily or involuntarily and that one who is not reappointed to a position can be considered to have retired.

As was pointed out in *Clark v. Tawes*, 187 Md. 195, 49 A. 2d 463 (1946), the twofold purpose of providing pensions for retired judges is to induce competent members of the legal pro-

fession to give up the often more remunerative practice of law for a position on the bench at less compensation and to reward judicial officers for valuable services rendered the State over a period of years. While it has long been the policy of this State to provide a pension during the life of a retired judge, the payment of such compensation, as was the case here, is usually predicated on a condition that the pensioner should not resume the practice of law. Furthermore, as a perusal of the pension statutes pertaining to judges shows, no distinction has ever been made between those judges who voluntarily retired and those who were replaced against their will.

When a word in a statute is not clear, the courts will seek the legislative intent in the language of the statute by considering the object to be accomplished and adopt the meaning which will harmonize therewith in carrying out the purpose of the statute. *Powell v. State,* 179 Md. 399, 18 A. 2d 587 (1941). *Cf. Pressman v. Barnes,* 209 Md. 544, 121 A. 2d 816 (1956). And when the words of a statute have a doubtful meaning, the courts, in determining legislative intent, will, as was said in *Height v. State,* 225 Md. 251, 170 A. 2d 212 (1961), consider not only the usual and literal meaning of the words but their meaning and effect in the context in which the words were used as well as the consequences that may result from one meaning rather than another, with the real legislative intent prevailing over literal intent. Also see *Truitt v. Board of Public Works,* 243 Md. 375, 394, 221 A. 2d 370 (1966). But when a word in a statute appears to have been inserted by way of inadvertence or mistake, as appears to be the case here with regard to the word "voluntarily" in the second provisory clause, the rule is that it should be rejected as surplusage. *Pressman v. State Tax Commission,* 204 Md. 78, 88, 102 A. 2d 821 (1954). Also see *Thomas v. Police Commissioner,* 211 Md. 357, 361, 127 A. 2d 625 (1956).

It may be, since the word "involuntarily" was used in the first provisory clause in connection with the exception permitting the payment of a pension to a judge who, because of sickness, physical incapacity or disability, had to resign or retire before serving less than twelve months, that the word "voluntarily" was inserted in the second provisory clause to indicate

that a judge, who had been appointed less than twelve months before reaching the age of sixty-five and had not thereafter become sick, incapacitated or disabled, had to serve at least twelve months from the date of his appointment before he would be eligible to receive a pension. But whatever may have been the reason for inserting the word "voluntarily" in the second provisory clause, it is obvious that the word is contrary to the purpose of the statute and that without it the meaning of the statute is clear and undoubtedly expresses the legislative intent.

*Judgment affirmed; appellant to pay the costs.*