Leonard H. Sandler, J.
Plaintiff, a corporate auction house, sues the defendant to recover the price of an ice-maker, a dishwasher, and a variety of smaller items purchased by the defendant, a restaurateur, at an auction of restaurant equipment. In his counterclaim, the defendant seeks to establish a setoff to the action based on two quite separate grounds.
First, the defendant claims — and the evidence sustains the claim — that plaintiff failed to deliver several small items that had been purchased. I fix the value of the missing items at $100, an amount that had been tentatively agreed to by the parties at an early point in the dispute.
Secondly, the defendant asserts that the dishwasher and ice-maker were defective, that the defects represented a breach of warranty, both express and implied, and that the purchase price of these items should be reduced by the cost of the repairs required to put them into good working condition.
As to the alleged express warranty, the evidence fails to confirm that the individual who reportedly assured defendant that the items were in good working order was authorized to do so, or that plaintiff had done anything to confer on him the appearance of such authority. (See, Edwards v. Dooley, 120 N. Y. 540, 551; O. A. Skutt, Inc. v. J. H. Goodwin, Ltd., 251 App. Div. 84.) Even more decisive is the fact that defendant wholly failed to present any admissible evidence establishing the value of the repairs that were allegedly required. (See CPLB. 4533-a.) Accordingly, that part of the defendant’s counterclaim that is based upon a breach of warranty must be entirely rejected.
Although the above is dispositive of this lawsuit, it may nonetheless be useful to consider three interesting issues squarely posed by the facts, that present problems with regard to the obligations of auctioneers selling secondhand goods, that have been the subject of surprisingly little comment in the reported cases.
The first of the questions, and the one that seems to me most free from doubt, is whether a sale by an auctioneer of the kind involved here gives rise to an implied warranty of merchantability under section 2-314 of the Uniform Commercial Code. That section creates such a warranty upon sale by a “ merchant with respect to goods of that kind.”
Clearly an auctioneer who regularly sells merchandise of a particular kind would come within the coverage of section 2-314 of the Uniform Commercial Code. But it seems to me almost *860 equally plain from the standpoint of the language of the section as well as its purpose that it applies also to auctioneers who sell different kinds of goods on an ongoing basis under circumstances that imply the likelihood of repetition with regard to the goods in question. The applicability of that section to the plaintiff under the circumstances presented seems clear.
A closely related question is the meaning and content of the implied warranty of merchantability as applied to the sale of secondhand goods. The section itself draws no distinction between new and secondhand goods, but the Official Comment, paragraph 3 (McKinney’s Cons. Laws of N. Y., Book 62%, pt. 1, Uniform Commercial Code, p. 260), states the following: “A contract for the sale of second-hand goods, however, involves only such obligation as is appropriate to such goods for that is their contract description.”
Curiously, the reported cases construing section 2-314 with regard to secondhand goods are extremely few in number, and all appear to involve the sale of used cars, which present special considerations of public policy that are not necessarily helpful in dealing with other kinds of goods. (See, e.g., Dato v. Vatland, 36 Misc 2d 636; Limitations on Implied Warranties in Sale of Used Motor Vehicles, 22 ALR 3d 1387, 1401.)
The specific question here is whether a breach of warranty is made out by evidence that used restaurant equipment bought at an auction did not function upon delivery, in the absence of any competent evidence establishing the character of the defect. The standard formulated in the Official Comment clearly requires careful attention to the realities of the individual transaction.
What we are concerned with here are two pieces of restaurant equipment — a dishwasher and an ice-maker — undoubtedly larger and more complex than similar equipment intended for home use — both of which had undergone the heavy wear and tear normal in the operation of a restaurant. The possibility that individual components might be worn out or otherwise defective, requiring replacement or repair, is surely implicit in such a transaction.
Where such pieces of equipment are purchased for continued commercial use at a significant discount from new equipment of the same kind, more is surely required to establish a breach of the warranty than the bare circumstance that they did not operate upon delivery.
The final issue is presented by the plaintiff’s contention that any warranty of merchantability had been effectively negated by *861 the statement at the start of the auction that everything was being sold “ as is.”
The evidence indeed established that the auctioneer, at the beginning of the auction and in accordance with custom, briefly recited the rules of the sale, including the statement that everything was sold “ as is.” The ‘‘ as is ” statement was not stressed or amplified in any way and was not repeated although the auction involved many lots of goods and lasted for some time.
The defendant did not in fact hear the disclaimer, although it is not clear whether this was because he arrived late or was in some way distracted when the statement was made.
Since the defendant did not hear the statement, he obviously did not in fact acquiesce in the disclaimer. I am satisfied that under the circumstances described, he should not be charged as a matter of law with knowledge of a disclaimer to which he did not in fact agree.
In this regard, it is pertinent that the Uniform Commercial Code explicitly provides that written disclaimers of warranty must be “ conspicuous ” (subds. [2] and [3] of section 2-316). Although no comparable language describes what must be done to communicate effectively an oral disclaimer to a buyer, it is surely a compelling inference that a similar standard should be applied. At the very least, a seller undertaking to disclaim a warranty orally should take adequate steps to make reasonably sure that the buyer has heard the disclaimer.
Inclusion of “as is ” language in a summary statement of rules, without emphasis or amplification, not repeated thereafter although the auction lasts for several hours, does not in my view adequately discharge the seller’s obligation to communicate the disclaimer clearly and unmistakably to the buyer.
However, for the reasons set forth at the beginning of this opinion, the plaintiff is entitled to a judgment for $1,035.68, with interest from December 26, 1970, and costs.