289 So.2d 21 (1974)
William G. OSBORNE and Glenda Osborne, His Wife, Appellants,
v.
Charles G. GENEVIE and Charles A. Genevie D/B/a Plant City Park and Sales, Appellees.
No. 72-650.
District Court of Appeal of Florida, Second District.
February 1, 1974.
Richard Oehler, Tampa, for appellants.
Tom Y. Sawyer of Edwards & Sawyer, Plant City, for appellees.
PER CURIAM.
This is an appeal involving an interpretation of the warranty disclaimer provisions of the Uniform Commercial Code.
Mr. and Mrs. Osborne (the buyers) bought a mobile home from Charles G. Genevie and Charles A. Genevie d/b/a Plant City Park and Sales (dealer) pursuant to a "Mobile Home Retail Installment Contract." Thereafter, the buyers sued the dealer for damages by reason of numerous alleged defects in the mobile home. The manufacturer of the mobile home was also joined as a defendant.
The complaint against the dealer was based upon theories of express and implied warranty. The lower court granted the dealer's motion for summary judgment on both counts. The buyers allege no error with respect to the dismissal of their claim on express warranty.
The contract contained a disclaimer provision which stated "buyer is buying the trailer `as is' and no representations or statements have been made by seller except as herein stated, so that no warranty, express or implied, arises apart from this writing." The contract further provided that it contained the full, final and exclusive statement of the agreement of the parties. The lower court entered summary judgment for the dealer on the premise that all implied warranties had been excluded by the language quoted above.
The disclaimer provision of the contract was written in the same size and color type as the balance of the contract and was not otherwise distinguishable from the balance of the contract. The buyers' sole point on appeal is that the disclaimer cannot be legally effective under the Uniform Commercial Code because it was not "conspicuous."
*22 Those portions of Section 672.2-316, F.S.A., relevant to this appeal read as follows:
"* * *
(2) Subject to subsection (3), to exclude or modify the implied warranty or merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states, for example, that `There are no warranties which extend beyond the description on the face hereof.'
(3) Notwithstanding subsection (2):
(a) Unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like `as is', `with all faults' or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty; and
* * *"
The term conspicuous is defined in Section 671.1-201(10) as follows:
"(10) `Conspicuous': A term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it. A printed heading in capitals (as: Nonnegotiable Bill of Lading) is conspicuous. Language in the body of a form is `conspicuous' if it is in larger or other contrasting type or color. But in a telegram any stated term is `conspicuous'. Whether a term or clause is `conspicuous' or not is for decision by the court."
There is little doubt that the disclaimer provision of the contract failed to meet the definition of "conspicuous" as contained in Section 671.1-201(10). Orange Motors of Coral Gables, Inc. v. Dade County Dairies, Inc., Fla.App.3rd, 1972, 258 So.2d 319; Entron, Inc. v. General Cablevision of Palatka, 435 F.2d 995 (5th Cir.1970). However, the language of the disclaimer appears to fall within the scope of Section 672.2-316(3)(a). The critical issue is whether the "conspicuous" requirements of Section 672.2-316(2) are applicable to an "as is" disclaimer prescribed by Section 672.2-316(3)(a).
The problem arises because subsection (2) specifies language which will be effective to exclude implied warranties providing the disclaimer is conspicuous, but subsection (3)(a) which also specifies wording which can be used to exclude implied warranties contains no requirement that the disclaimer shall be set forth in a conspicuous manner.
The dealer suggests that the two sections offer two separate and distinct methods by which a seller may exclude an implied warranty and that only the first carries with it the requirement of conspicuousness. If the statutory language is followed literally without taking into consideration its underlying purposes, the dealer makes a strong argument. However, we fail to see why the draftsmen of the Uniform Commercial Code would have felt that language such as "there are no warranties which extend beyond the description on the face hereof" had to be conspicuous in order to be effective, and yet were willing to accept words such as "as is" or "with all faults" as valid disclaimers when these expressions were not conspicuous. While the man on the street might more nearly comprehend the legal effect of "as is" than a repudiation of warranties, it makes no difference if he doesn't see the provision in the first place.
Referring to Section 2-316(3)(a), 1 Hawkland, A Transitional Guide to the Uniform Commercial Code, states at page 77:
"While the subsection does not explicitly so provide, it would seem that these *23 phrases and expressions would have to be stated conspicuously to become effective disclaimers. Such a requirement is consistent with the general rule that the disclaimer must `call' the risk to `the buyer's attention' and `make ... plain (to him) that there is no implied warranty.'"
In spite of the widespread use of the Uniform Commercial Code, there is apparently only one case in which this point has ever been considered. In Gindy Manufacturing Corp. v. Cardinale Trucking Corp., 111 N.J. Super. 383, 268 A.2d 345 (1970), a seller under an installment conditional sales contract sued the purchaser for a deficiency after repossession of certain semi-trailers following the buyer's default under the contract. The buyer interposed a defense of breach of implied warranties in the sale of the trailers. The contract contained an "as is" clause identical to that of the instant case. Just as in the instant case, the clause was not set apart from the balance of the contract either by color or size of type.
Construing provisions of the Uniform Commercial Code identical to those of Florida, the New Jersey court said:
"It appears desirable to read into section 2-316(3) the requirement of conspicuousness when the attempted disclaimer is in writing. This would avoid surprise to a buyer and fulfill a fundamental purpose of the Code... .
"It does not make sense to require conspicuous language when a warranty is disclaimed by use of the words `merchantability' or `fitness' and not when a term like `as is' is used to accomplish the same result. It serves no intelligible design to protect buyers by conspicuous language when the term `merchantability' is used, but to allow an effective disclaimer when the term `as is' is buried in fine print. Nor does it make sense to require conspicuous language to disclaim the implied warranties of merchantability and fitness and not impose a similar requirement to disclaim other implied warranties that arise by course of dealing or usage of trade. The expectations of the buyer need as much protection in one case as in another. My preference, therefore, is to find that there is a requirement of conspicuousness when terms like `as is' are used to exclude an implied warranty of merchantability or fitness. It seems reasonable to say that to avoid these implied warranties the requirements of subsection (2) must be met, except that expressions like `as is' will be given effect in addition to the expressions specified in subsection (2)... ."
The briefs reflect that Gindy was not cited to the court below in the instant case.
The Uniform Commercial Code contemplates that a seller can disclaim implied warranties providing the buyer reasonably understands this is being done. In order for the unsophisticated buyer to be forewarned, we believe it fair to assume that the drafters of the Code intended for the disclaimer, however it was written, to be set forth in a conspicuous manner.
The summary judgment is hereby affirmed as to Count I (breach of express warranty) and reversed as to Count III (breach of implied warranty), and the case is remanded for further proceedings consistent herewith.
McNULTY, A.C.J., BOARDMAN, J., and FOGLE, HARRY W., Associate Judge, concur.