Melvin E. SMITH, Appellee,

v.

Jack SHARPENSTEEN, Sr., and Jack Sharpensteen, Jr., d/b/a S and S Materials Company, Appellants.

No. 46090.

Supreme Court of Oklahoma.

April 9, 1974.

Joseph G. Breaune, Miami, for appellee.

Charles C. Chesnut, Miami, for appellants.

WILLIAMS, Vice Chief Justice.

This is an application for certiorari for review of a judgment of the Court of Appeals, Div. No. 1, which in effect affirmed the trial court's judgment for plaintiff on the issue of liability and reversed for a new trial on the question of damages.

Plaintiff's action was for damages for the breach of an implied warranty of fitness incident to a lease-purchase agreement covering a diesel-powered truck-tractor. Defendants' answer was a general denial with an admission of the execution of the lease-purchase agreement and, among other things, a denial that there was an implied warranty of fitness or a breach of such a warranty. Defendants also filed a cross-petition for sums allegedly due from plaintiff.

On appeal, defendants argue that the trial court erred in overruling their demurrer to plaintiff's evidence and motion for directed verdict for the reason, among others, that the lease-purchase agreement, on its face, excluded any implied warranty.

The lease-purchase agreement contained a separate paragraph specifically and plainly requiring plaintiff to bear the expense of all repairs, maintenance and replacements during the two-year life of the agreement. It also contained the following separate paragraph:

"No Warranty: Lessor, not being the manufacturer of the equipment nor manufacturer's agent, makes no warranty against patent or latent defects in materials, workmanship or capacity of the equipment, no warranty that the equipment will satisfy the requirements of any law, rule, specification or contract which provides for specific machinery or operators, or special methods; all liabilities therefrom are assumed by Lessee at its sole risk and expense. No oral agreement, guaranty, promise, condition, representation related hereto and/or to said equipment are integrated herein. No modifications hereof shall be binding unless in writing signed by Lessor."

The record shows that plaintiff testified that he was required to read the entire contract before signing it and, more specifically, that he read and understood the quoted paragraph. There was no plea or evidence that plaintiff, whose education included two years of college, was misled in any way or that he overlooked the quoted paragraph, and there is no argument to that effect on appeal.

The provisions of the Uniform Commercial Code on the subject of the exclusion or modification of warranties are found in 12A O.S.1971, § 2–316. Pertinent portions of subsections 2 and 3(a) thereof are as follows:

"(2) *Subject to subsection (3)*, * * * to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states for example, that 'There are no warranties which extend beyond the description on the face hereof.'

"(3) *Notwithstanding subsection (2)*

(a) unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like 'as is', 'with all faults' or other language which in common understanding calls

the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty; * * *". (Emphasis added).

The quoted language of the paragraph beginning "No Warranty" is, if anything, more specific and more likely to place people of "common understanding" on notice of the exclusion of warranties than the language set out by way of example in the quoted portions of § 2–316.

It is contended by plaintiff that the "No Warranty" paragraph is typed into the lease-purchase agreement in letters of the same size and color as the rest of the language of the contract, and therefore is not "conspicuous" within the meaning of subsection (2). The requirement of subsection (2) is obviously included for the purpose of protecting the unwary from "the small print in the contract", and for the further purpose of preventing sharp business practice by a contracting party in a superior position. However, as we have seen, under the uncontradicted evidence before us, plaintiff understood the "No Warranty" paragraph in the contract, which he testified he was *required* to read before signing.

Also, note that subsection (2) is specifically made "Subject to subsection (3) * * *", and that in a proper situation subsection (3) is applicable "Notwithstanding subsection (2) * * *". Since under the uncontradicted evidence the requirements of subsection (3) were satisfied, the requirement of subsection (2) that the exclusion be "conspicuous" is not applicable. If there were any claim or evidence of misunderstanding by plaintiff or sharp business practice by defendants a contrary conclusion might be required, but in this instance such is not the case.

Since under the uncontradicted evidence the implied warranty of fitness was plainly excluded by the terms of the contract, the trial court committed reversible error in overruling defendants' demurrer to plaintiff's evidence and motion for directed verdict.

We are asked by defendants to direct the entry of a judgment in their favor in the amount sued for in their cross-petition. However, there were conflicts in the evidence as to some of the amounts allegedly due which we think should be resolved by the trier of the facts at a new trial.

The application for certiorari is granted; the judgment of the Court of Appeals is vacated; the judgment of the trial court is vacated and the cause is remanded to the trial court with directions to enter judgment for defendants and against plaintiff on plaintiff's petition, and to grant defendants a new trial on their cross-petition.

All the Justices concur.