Jack POWERS and Rita Powers, d/b/a
Irwin Sales Company,
Plaintiffs-Appellants,

v.

COFFEYVILLE LIVESTOCK SALES
COMPANY, INC.,
Defendant-Appellee.

No. 79-1476.

United States Court of Appeals,
Tenth Circuit.

Submitted March 3, 1981.

Decided Nov. 30, 1981.

James R. Van Dyke of Wunschel Law
Firm, Carroll, Iowa, and Fred W. Phelps,
Jr., Topeka, Kan., for plaintiffs-appellants.

Before SETH, Chief Judge, and LOGAN
and SEYMOUR, Circuit Judges.

LOGAN, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); *Tenth Cir.R. 10(e)*. The cause is therefore ordered submitted without oral argument.

Jack and Rita Powers, plaintiffs in the case below, appeal from judgment entered against them in favor of defendant Coffeyville Livestock Sales Co., Inc. (Coffeyville). The only issue on appeal is whether Coffeyville, a Kansas corporation in the business of auctioning livestock, is a merchant seller within the meaning of the Kansas Uniform Commercial Code. If Coffeyville is a merchant seller as defined in Kan.Stat.Ann. §§ 84–2–103(d), 84–2–104, it breached the implied warranty of merchantability provided by Kan.Stat.Ann. § 84–2–314 when it auctioned cattle that were diseased.

In August 1973 the Powers, owners of a livestock auction in Irwin, Iowa, purchased 312 head of cattle at a weekly livestock auction conducted by Coffeyville. The cattle were shipped by truck to Iowa where Leonard Hoefling bought 159 of them at

auction. In November 1973 Hoefling brought a civil action against the Powers, alleging the cattle he had purchased were diseased and dying in large numbers. That lawsuit resulted in a $38,360 judgment against the Powers based upon breach of an implied warranty of merchantability. The Powers then sought indemnification from Coffeyville in Iowa state court, but the Iowa court dismissed the action for lack of jurisdiction. Thereafter, the Powers filed the instant diversity action against Coffeyville in federal district court in Kansas. Following a two day nonjury trial the district court concluded, on the basis of the evidence, that Coffeyville never held title to the cattle claimed to be unmerchantable "and consequently cannot be liable as a 'seller' under any implied warranty theory."

The Powers based their complaint upon the Kansas Uniform Commercial Code, contending that Coffeyville was a seller within the meaning of section 84–2–314 and, therefore, impliedly warranted the merchantability of the cattle it sold. Actually that section requires that Coffeyville be both a "seller" and a cattle "merchant": "Unless excluded or modified ..., a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." *Id.* Although Kansas courts have not decided whether an auctioneer can be a merchant seller for purposes of section 84–2–314, decisions in other jurisdictions support a conclusion that, at least in certain circumstances, an auctioneer is a merchant seller.

A merchant is a "person who deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction." Kan. Stat.Ann. § 84–2–104. Cases in two jurisdictions have held that an auctioneer is a merchant. *Bradford v. Northwest Alabama Ass'n*, 379 So.2d 609 (Ala.Civ.App.1980) involved the precise issue raised in the instant case. Construing section 7–2–314 of the Alabama Uniform Commercial Code, which is identical to Kan.Stat.Ann. § 84–2–314, the court held that "every sale of goods, including a sale by auction, includes an implied warranty of merchantability if the seller is a merchant with respect to the goods of that kind." 379 So.2d at 611. The court concluded that since the cattle auctioneer was in the business of selling cattle to prospective buyers and held itself out as having the knowledge and skill to conduct such sales, it was a merchant within the meaning of the statute. *Id. Regan Purchase & Sales Corp. v. Primavera*, 68 Misc.2d 858, 328 N.Y.S.2d 490 (Civ.Ct.N.Y. 1972) similarly holds that an auctioneer who regularly sells merchandise of a particular kind comes within the coverage of UCC § 2–314. 328 N.Y.S.2d at 492.

■ Coffeyville regularly auctions off cattle and hogs at its sales barn. During the relevant period in 1973, it sold between 1500 and 2000 head of cattle per week. (R. III, 221). As a "person who deals in goods of that kind," Coffeyville is a merchant under section 84–2–104.

Since only merchants who are "sellers" are liable for breach of the implied warranty of merchantability, we must also determine whether Coffeyville is a seller under the Uniform Commercial Code. Section 84–2–103(d) merely defines a seller as "a person who sells or contracts to sell goods." Certainly an auctioneer sells goods, although generally as agent for someone else. The statute provides no explicit guidance on whether an auctioneer acting as agent for another is a seller under the statute. When the statute is not specific we look to the common law as an aid to interpretation. Kan.Stat.Ann. § 84–1–103; *Service Iron Foundry, Inc. v. M.A. Bell Co.*, 2 Kan. App.2d 662, 588 P.2d 463, 472 (1978).

■ Under traditional agency law, an agent is liable as if it were the principal when the agent acts for an undisclosed principal. This rule applies whether the agent holds itself out as principal or only as agent but does not disclose the identity of its principal. *Bruce v. Smith*, 204 Kan. 473, 464 P.2d 224 (1970); Restatement (Second) of Agency §§ 321–22 (1958). Applying this common law rule to auctioneers, courts in

other jurisdictions have held that an auctioneer is liable as a seller if the auctioneer fails to disclose to the buyer the identity of the principal. *E. g., Universal C.I.T. Credit Corp. v. State Farm Mutual Automobile Insurance Co.,* 493 S.W.2d 385, 390 (Mo.Ct. App.1973); *Itoh v. Kimi Sales, Ltd.,* 74 Misc.2d 402, 345 N.Y.S.2d 416, 420 (Civ.Ct. N.Y.1973); *Hagen v. Brzozowski,* 336 S.W.2d 213, 215–16 (Tex.Civ.App.1960). The UCC did not alter the common law application of agency principles to sales made by an auctioneer. *See* Kan.Stat.Ann. § 84–1–103. We believe the Kansas courts would hold that an auctioneer who fails to disclose the identity of its principal and who regularly auctions merchandise of a particular kind is, with regard to those goods, a merchant seller within the coverage of section 84–2–314.

■ It appears Coffeyville did not usually disclose the identity of the owners of the cattle to purchasers at its auctions. At its livestock ring, Coffeyville commonly commingled cattle of several owners. (R. III, 252–53). The auctioneer sold the cattle by size or description rather than by owner or point of origin. Apparently buyers often purchased cattle of numerous owners and without knowing the owners' identities. Testifying for the auctioneer, Ronald Patton said that more than 130 different persons were the owners of the 312 head of cattle the Powers purchased in this particular sale. (R. III, 239–40). The record, then, suggests that Coffeyville did not disclose the owners' identities to the Powers, but the trial court's opinion does not expressly address this issue, nor whether the exceptions to implied warranties in section 84–2–316 apply.[1]

We therefore reverse the judgment of the district court and remand the case for a finding by the trial court as to whether Coffeyville disclosed the identity of the owners of the cattle sold to the Powers, and for other proceedings consistent with this opinion.

REVERSED and REMANDED.

SETH, Chief Judge, dissents.

---

1. In response to issues involved in the instant case, the 1981 Kansas legislature amended section 84–2–316 by adding the following language:

"with respect to the sale of livestock, other than the sale of livestock for immediate slaughter, there shall be no implied warran-

ties, except that the provisions of this paragraph shall not apply in any case where the seller knowingly sells livestock which is diseased."

1981 Kan.Sess.Laws, ch. 215 § 2. This change is effective April 24, 1981, and, of course, would not apply to the instant case.