659 A.2d 291

**Robin CIANOS et al.**

v.

**STATE of Maryland et al.**

**No. 107, Sept. Term, 1994.**

Court of Appeals of Maryland.

June 6, 1995.

Russell P. Butler (DiTrani & Butler), Camp Springs, for petitioners.

Julia Freit, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for respondent.

Argued before MURPHY, C.J., ELDRIDGE, CHASANOW, KARWACKI, BELL, RAKER, JJ., and JOHN F. McAULIFFE, Judge (retired) and specially assigned.

KARWACKI, Judge.

Under Maryland Code (1973, 1989 Repl.Vol., 1994 Cum. Supp.), §§ 12–202 and 12–302 [of the Courts and Judicial Proceedings Article], the only avenue of appeal from a guilty plea before a circuit court is by application for leave to appeal to the Court of Special Appeals, and an order granting or denying that application is not reviewable by this Court by way of certiorari. We may grant certiorari, however, when the intermediate appellate court makes a decision on an application for leave to appeal based on an alleged denial of victims' rights. We granted certiorari in this case to address, for the first time, the rights of a victim to speak to the judge or jury prior to the sentencing of a criminal defendant, as provided in Md.Code (1957, 1992 Repl.Vol., 1994 Cum.Supp.), Art. 27, § 643D.

I

Sean Patrick Hall was charged by grand jury indictment in the Circuit Court for Baltimore County in the deaths of Jerome Robert Barrett and James Nicholas Cianos, III, which were caused by Hall's gross negligence in the operation of a motor vehicle. On January 6, 1994, he entered a guilty plea to two counts of manslaughter by automobile and one count of

driving while intoxicated (DWI). The court scheduled sentencing for March 7, 1994, and ordered a pre-sentence investigation.

At sentencing, the State was represented by Assistant State's Attorney John Cox. Pursuant to Md.Code (1957, 1992 Repl.Vol., 1994 Cum.Supp.), Art. 27, § 643D(a), Mr. Cox requested that the court hear an oral address of Robin Cianos and Evelyn Barrett,[1] the petitioners, in addition to the written victim impact statements petitioners had previously submitted for the court's consideration. The court responded to Mr. Cox's request as follows:

"Mr. Cox, there's nothing those fine people [the petitioners] could tell me that hadn't already been said in whatever letters I've received. While I respect their right to be heard, we're already running, I think, a half hour late. I really don't think it would be beneficial to take the time to hear from them.

I did read the letters. Very thorough letters. They clearly indicate how deeply these people feel. Nothing they can say will bring the victims back or in any way change what's happened. I would just rather not take that additional time this morning."

After conferring with the petitioners, Mr. Cox advised the court "I have spoken with both [the petitioners] and they will accede to the Court's wishes."

The court allowed both counsel to argue as to sentencing, allowed Hall his right of allocution, and allowed Debbie Hays, Hall's girlfriend, to speak on Hall's behalf.[2] The court then imposed concurrent five year sentences, with all but 14

---

1. Ms. Cianos is the mother of James Nicholas Cianos, III. Ms. Barrett is the widow of Jerome Robert Barrett. Ms. Barrett also sustained serious bodily injuries in the accident.

2. Ms. Hays had also previously submitted a written statement for the court's review.

months suspended, on each of the manslaughter counts,[3] and one year and a $1000.00 fine on the DWI count.[4]

On April 6, 1994, the petitioners, Robin Cianos and Evelyn Barrett, filed an application for leave to appeal to the Court of Special Appeals. Thereafter, they filed an amended application and a supplement thereto. The Attorney General opposed the application. The Court of Special Appeals, in an unreported opinion dated June 13, 1994, denied the petitioners' application because it determined that the issues raised by the application were moot.

## II

The petitioners argue that their appeal is not moot, that the trial court abused its discretion by not allowing them to testify at the sentencing proceeding, and that we are compelled to vacate Hall's sentence and remand the case to the trial court for resentencing. The State, while acknowledging the importance of victim impact evidence, argues that there was no denial of the petitioners' rights, and that even if there had been, their appeal is moot.

Maryland Code (1957, 1992 Repl.Vol., 1994 Cum.Supp.), Art. 27, § 643D(a) provides, in pertinent part:

"In every case resulting in serious physical injury or death, the victim or a member of the victim's immediate family, ... may, at the request of the State's Attorney and in the discretion of the sentencing judge, address the sentencing judge or jury under oath or affirmation before the imposition of sentence."

Maryland Code (1957, 1993 Repl.Vol.), Art. 41, § 4–609(c)(2)(iii) provides, in pertinent part:

---

3. In addition Hall received four years probation, 160 hours of community service, and assessment of costs.

4. The DWI sentence was concurrent with the manslaughter sentences. In addition, Hall was also ordered to attend four Alcoholics Anonymous (AA) meetings and to participate in ten victim impact panel sessions.

"The court *shall* consider the victim impact statement in determining the appropriate sentence ..." (emphasis added).

The above quoted sections are supported by Md.Code (1973, 1989 Repl.Vol., 1994 Cum.Supp.), § 12–303.1(c) of the Courts and Judicial Proceedings Article which provides, in pertinent part:

"Although not a party to a criminal proceeding, the victim of the violent crime for which the defendant is charged has a right to file an application for leave to appeal to the Court of Special Appeals *from an interlocutory or final order* that denies or fails to consider a right secured to that victim by Article 27, ... § 643D or Article 41, § 4–609 of the Code" (emphasis added).

This section clearly indicates that leave to appeal can only be sought *"from an interlocutory or final order* that denies or fails to consider a right secured ... by Article 27, ... § 643D [right to address sentencing judge or jury] or Article 41, § 4–609 [right to have impact statements considered in sentencing] of the Code." *Id.* In the instant case, the trial judge, in effect, requested that the petitioners not address the court, and the petitioners acceded to that request. We will assume, *arguendo,* that the petitioners were denied their right to address the sentencing court as to the impact of Hall's crimes upon them. But assuming there had been an order affecting the petitioners' rights, to serve as the basis for their application, the appeal would still be moot because a decision on the merits of their appeal "cannot have any practical effect on the ... controversy." Black's Law Dictionary 1008 (6th ed. 1990) (citing *Leonhart v. McCormick,* 395 F.Supp. 1073, 1076 (W.D.Pa.1975).

■ The only order in this criminal case was the final judgment of conviction and sentence of Hall. Under Md.Code (1973, 1989 Repl.Vol., 1994 Cum.Supp.), §§ 12–301 and 12–302 of the Courts and Judicial Proceedings Article, only a party may appeal from a final judgment. Maryland Code (1973, 1989 Repl.Vol., 1994 Cum.Supp.), § 12–303.1 of the Courts and

Judicial Proceedings Article expressly acknowledges that a victim is not a party in a criminal proceeding. The petitioner-victims, therefore, cannot appeal the only judgment in this case.

■ Furthermore, even if the petitioners had applied for leave to appeal prior to the final judgment in this case, such action would not have stayed the criminal proceedings against Hall.[5] *Id.* An appeal by a victim is collateral to and may not interrupt a criminal case, and such an appeal cannot result in a reversal of the judgment and a reopening of the case.

■ The petitioners do not argue that the language of § 12–303.1 is ambiguous; however, they assert that the absence of a provision expressly precluding a victim from challenging a final criminal judgment implies the right to do so. This reasoning ignores the plain language of §§ 12–301, 12–302, and 12–303.1. Ordinarily, where there is no ambiguity in the language of a statute, there is no need to look elsewhere to ascertain the intent of the General Assembly. *E.g., Harris v. State,* 331 Md. 137, 145–46, 626 A.2d 946, 950 (1993); *City of Baltimore v. Hackley,* 300 Md. 277, 283, 477 A.2d 1174, 1177 (1984); *Ryder Truck Lines, Inc. v. Kennedy,* 296 Md. 528, 535, 463 A.2d 850, 855 (1983). Nevertheless, a look at the legislative history of earlier, unsuccessful attempts by certain members of the Legislature to provide victims of violent crime with an avenue of redress demonstrates that the Legislature, in enacting § 12–303.1, meant what it said and said what it meant. We have previously discussed the legislative history and intent behind earlier bills designed to secure victims' rights that included provisions invalidating a sentence when required victim testimony was not taken:

"Provisions invalidating the sentence clearly worried the legislators. A memorandum, evidently prepared by staff of

---

5. While it is possible for an application for leave to appeal to stay the proceeding *if* all the parties agree to the stay, we note that the chances of a criminal defendant agreeing to a delay in sentencing, so that his victims may have the opportunity to appeal a perceived denial of victim's rights, are something less than unlikely.

the House Judiciary Committee, stated, '[t]he major practical problem of both bills ... is the possibility of placing the defendant in jeopardy a second time during the sentencing hearing.' ... The memorandum concluded that, 'House Bill 70 would be acceptable, however, if [the] lines [invalidating the sentence] were deleted. The statute would have no teeth after such a deletion but it would provide the personal input toward which the statute is aimed.' "

*Lodowski v. State,* 302 Md. 691, 747, 490 A.2d 1228, 1256–57 (1985) (alterations in original).

For the reasons stated, we affirm the judgment of the Court of Special Appeals, denying petitioners' application for leave to appeal.

## III

Notwithstanding our affirmance of the judgment of the Court of Special Appeals, we wish to emphasize the significant duty of trial judges to respond to the will of the people as expressed in legislative acts and constitutional amendments. It is clear that over the past several decades the Legislature has had growing concerns that victims of crime are often neglected by the criminal justice system in the processing of criminal cases. *See* Ch. 421 of the Acts of 1993, now codified as Md.Code (1973, 1994 Cum.Supp.), § 12–303.1 of the Courts and Judicial Proceedings Article (providing for appeals by victims of violent crimes); Ch. 385 of the Acts of 1990, now codified as Md.Code (1957, 1992 Repl.Vol., 1994 Cum.Supp.), Art. 27, § 640(b)(7) (requiring a court refusing to order restitution in a criminal case, when restitution had been requested, to state the court's reasons on the record for not ordering the restitution); Ch. 486 of the Acts of 1989, now codified as Md.Code (1957, 1992 Repl.Vol., 1994 Cum.Supp.), Art. 27, § 620 (providing for the presumptive right of a victim or representative to be present at a criminal trial); Ch. 126 of the Acts of 1986, now codified as Md.Code (1957, 1992 Repl. Vol., 1994 Cum.Supp.), Art. 27, § 643D (providing for the right of a victim, or a representative of victim, to address the

sentencing judge or jury); Ch. 125 of the Acts of 1986, now codified as Md.Code (1957, 1992 Repl.Vol., 1994 Cum.Supp.), Art. 27, § 761 (providing guidelines for treatment of and assistance to crime victims and witnesses); Ch. 494 of the Acts of 1982, now codified as amended as Md.Code (1957, 1993 Repl.Vol.), Art. 41, § 4–609(c) (providing, *inter alia,* for the use of victim impact statements by the court in determining appropriate sentences). Most recently, the Legislature enacted, and the citizens of Maryland ratified,[6] Ch. 102 of the Acts of 1994, now codified as Article 47 of the Maryland Declaration of Rights. This Article establishes a crime victims' bill of rights providing, in pertinent part:

> "(a) A victim of crime shall be treated by agents of the State with dignity, respect, and sensitivity during all phases of the criminal justice process.
>
> (b) In a case originating by indictment or information filed in a circuit court, a victim of crime shall have the right to be informed of the rights established in this Article and, upon request and if practicable, to be notified of, to attend, and to be heard at a criminal justice proceeding, as these rights are implemented and the terms 'crime', 'criminal justice proceeding', and 'victim' are specified by law."

The mandate of the people is clear. In response to that mandate, trial judges *must* give appropriate consideration to the impact of crime upon the victims. An important step towards accomplishing that task is to accept victim impact testimony wherever possible. Therefore, ordinarily a request by the sentencing judge to the victims that they waive their right to address the court as to the impact of the crimes upon them should not be made. Because the petitioners were arguably denied their rights guaranteed by Md.Code (1957, 1992 Repl.Vol., 1994 Cum.Supp.), Art. 27, § 643D(a), they will not be burdened with the payment of court costs in the instant case.

---

6. This Article was ratified at the general election in November 1994.

414

*JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY BALTIMORE COUNTY.*