Dear Senator Mikulski:
You have requested our opinion concerning the effect on Maryland law of the proposed Victims' Rights Amendment to the United States Constitution, in light of a provision on this subject in the Maryland Constitution. Our opinion is as follows: The federal amendment, if ratified in its present form, would largely supplant the Maryland provision, Article 47 of the Maryland Declaration of Rights. That is, the substantive provisions of Article 47 are largely contained in the federal amendment, which covers many other matters as well. In addition, several provisions in Maryland's statutes affecting victims' rights would require change to bring them into conformity with the federal amendment.[1]
 I Current Maryland Law
In 1994 Maryland voters ratified the General Assembly's enactment of Chapter 102 of the Laws of Maryland 1994, the Victims' Rights Amendment. This provision, Article 47 of the Declaration of Rights, begins with a general admonition that victims of crime are to be "treated by agents of the State with dignity, respect, and sensitivity during all phases of the criminal justice process." Article 47(a). The next subsection of the amendment, Article 47(b), sets forth certain rights that are to be afforded to a victim of crime:
 In a case originating by indictment or information filed in a circuit court, a victim of crime shall have the right to be informed of the rights established in this Article, and, upon request and if practicable, to be notified of, to attend, and to be heard at a criminal justice proceeding, as these rights are implemented and the terms "crime", "criminal justice proceeding", and "victim" are specified by law.
The amendment ends with a disclaimer: "Nothing in this article permits any civil cause of action for monetary damages for violation of any of its provisions or authorizes a victim of crime to take any action to stay a criminal justice proceeding." Article 47(c).
In addition to the constitutional provision, Maryland law contains a number of statutory requirements concerning the role of victims in criminal justice proceedings. These address victim notification of key events in the criminal justice process, presence at trial, presentation of testimony before sentencing, and restitution. We shall discuss particular elements of these statutes in our comparison with the federal amendment. See
Part III below.
Taken together, the constitutional amendment and these statutes are an attempt to remedy the shameful fact that "victims of crime are often neglected by the criminal justice system in the processing of criminal cases." Cianos v. State, 338 Md. 406, 412,659 A.2d 291 (1995). "The mandate of the people is clear," the Court of Appeals wrote: "In response to that mandate, trial judgesmust give appropriate consideration to the impact of crime upon the victims." 338 Md. at 413.
 II Proposed Federal Victims' Rights Amendment
On September 30, 1996, Senators Feinstein and Kyl introduced S.J. Res. 65, a revised version of a federal victims' rights amendment to the Constitution.[2] The amendment applies to "[v]ictims of crimes of violence and other crimes that Congress and the States may define by law . . . ." Proposed amendment Section 1. Under the amendment, a crime victim "shall have the rights to notice of and not to be excluded from all public proceedings related to the crime; to be heard if present and to submit a statement at a public pre-trial or trial proceeding to determine a release from custody, an acceptance of a negotiated plea, or a sentence; to these rights at a parole proceeding to the extent they are afforded to the convicted offender; to notice of a release pursuant to a public or parole proceeding or an escape; to a final disposition free from unreasonable delay; to an order of restitution from the convicted offender; to have the safety of the victim considered in determining a release from custody; and to notice of the rights established by this article."Id.
Under Section 2 of the proposed amendment, a crime victim "shall have standing to assert the rights established by this article." Section 2 contains a disclaimer, however, providing that "nothing in this article shall provide grounds for a victim to challenge a charging decision or a conviction, obtain a stay of trial, or compel a new trial; nor shall anything in this article give rise to a claim for damages against the United States, a State, a political subdivision, or any public official; nor shall anything in this article provide grounds for the accused or convicted offender to obtain any form of relief."
If the federal amendment were adopted, it would supersede Article 47 of the Maryland Declaration of Rights to the extent that the latter afforded fewer rights to victims. That is, the federal amendment would become the new constitutional minimum for victims' rights. Maryland law would be free to provide greater rights but could not curtail any right granted in the federal amendment. In Part III below, we shall consider the major types of victims' rights and identify differences between the federal amendment and Maryland law.
 III Analysis
A. Notice of proceedings
The federal amendment grants a seemingly unqualified right to "notice of . . . all public proceedings related to the crime" and to "notice of a release pursuant to a public or parole proceeding or an escape." Article 47 of the Declaration of Rights, by contrast, grants a right to notice "upon request and if practicable." Article 27, § 770 implements this provision by creating a mechanism by which a victim may request to be notified; once the necessary form is submitted, the State's Attorney is to send the victim "prior notice, if practicable, of all court proceedings in the case." § 770(e)(1).[3] If prior notice is not practicable or the victim is not present at the proceeding, the State's Attorney is to provide after-the-fact information to the victim "of all proceedings that affect the victim's interest, including a bail hearing or change in the defendant's pretrial release order, dismissal, nolle prosequi or stetting of charges, trial, disposition, or post-sentencing court proceedings." § 770(e)(3).See also Article 27, §§ 784 (notice of subsequent proceedings to victims of crimes of violence), 785 (notice to victim of proposed work release or leave of absence from Patuxent Institution), and 786 (notice to victim of proceedings of Maryland Parole Commission); Article 41, § 511A (notice to victim that inmate is to be considered for commutation, pardon, or remission of sentence).
At least in the absence of authoritative legislative history, we cannot confidently predict whether the courts would construe the federal amendment to impose on the State an affirmative duty to provide notice, even without an antecedent request by the victim. Under Section 3 of the federal amendment, however, states are granted power "to enforce this article within their respective . . . jurisdictions by appropriate legislation, including the power to enact exceptions when required for compelling reasons of public safety." In our view, a system under which crime victims receive advance notice if they submit a request for notification is "appropriate" legislation. Indeed, a victim's decision not to request notification may be viewed as a waiver of notice rights granted under the federal amendment.
B. Access to proceedings
The federal amendment grants a seemingly unqualified right "not to be excluded from all public proceedings relating to the crime." Maryland law creates a presumption in favor of the victim's right to be present at trial, while explicitly preserving the court's authority to sequester a victim after a finding of good cause. Article 27, § 773(b) and (c). A victim may be removed from a trial only "for the same causes and in the same manner" as are applicable to the removal of the defendant. § 773(d).
"The exclusion of witnesses from the courtroom during trial is a time-honored practice designed to prevent the shaping of testimony by hearing what other witnesses say." Taylor v.United States, 388 F.2d 786, 788 (9th Cir. 1967). In many cases, however, the purpose underlying sequestration can be served if the crime victim who asserted a right not to be excluded were to testify first.
C. Right to be heard at sentencing
Under the federal amendment, the victim would have an unqualified right "to be heard if present and to submit a statement at a public pre-trial or trial proceeding to determine a release from custody, an acceptance of a negotiated plea, or a sentence."
Under Maryland law, for crimes "resulting in serious physical injury or death, the victim or a member of the victim's immediate family . . . may, at the request of the State's Attorney and in the discretion of the sentencing judge, address the sentencing judge or jury . . . before the imposition of sentence." § 780(a). Further, a presentence investigation for a defendant who committed a serious crime must include a victim impact statement. Article 27, § 781(a).[4]
The court must consider this statement in determining the defendant's sentence. § 781(c). See generally Cianosv. State, 338 Md. at 13.
To the extent that Maryland law gives discretion to a trial judge to avoid hearing from the victim, that discretion would be superseded by the federal mandate. In addition, because the federal amendment applies to all "crimes of violence" (as well as other crimes to be defined by federal or state law), the right to be heard at sentencing would not be limited to the subset of violent crimes identified in § 780(a).
D. Right to be heard at parole hearing
Under the federal amendment, a victim has a right to be heard "at a parole proceeding to the extent [a right to be heard is] afforded to the convicted offender." Maryland law would be largely unaffected, because Article 41, § 4-504(d)(4) already provides for a victim of a violent crime to "present oral testimony" at a parole release hearing. This testimony must be considered when the Parole Commission assesses an inmate's suitability for release. Article 41, § 4-506(a).
E. Right to restitution
The federal amendment grants the victim a right "to an order of restitution from the convicted offender." Under Maryland's restitution statute, a crime victim "is presumed to have a right of restitution" if certain evidence is presented — for example, that the victim "suffered actual medical expenses, direct out-of-pocket losses, or loss of earnings as a direct result of the crime." Article 27, § 807(b)(1)(ii) and (2).[5] Even if this "presumed . . . right" is proven, the trial court nonetheless "need not issue an order of restitution . . . if the court finds good cause to establish extenuating circumstances as to why an order of restitution is inappropriate in a case." § 807(b)(3). Therefore, the federal amendment would supplant Maryland law in this respect, although a trial judge presumably would be able to take account of all relevant circumstances in fashioning an appropriate restitution order.
F. Right to notice of rights
The federal amendment grants a victim "a notice of the rights established by" the amendment. Maryland law already requires a similar notice. Article 27, § 770(b) and (c)(1)(i). See also
Article 27, §§ 848(1), 849, and 851(a)(1) and (b) (distribution of guidelines about treatment of victims).
G. Other rights
The federal amendment grants victims a right to "a final disposition free from unreasonable delay." Under Maryland law, a victim is "entitled to a speedy disposition of the case . . . ." Article 27, § 848(14). This entitlement, however, is not legally enforceable. § 850.
Finally, the federal amendment grants a right "to have the safety of the victim considered in determining a release from custody." Under Maryland law, a victim of a violent crime may "[r]equest that an inmate be prohibited from having any contact with a victim as a condition of parole." Article 41, § 4-504(d)(2)(iii)2.
H. Enforcement rights
Although the federal amendment grants a victim "standing to assert the rights established by" the amendment, a victim is not permitted by the amendment "to challenge a charging decision or a conviction, obtain a stay of trial, or compel a new trial." This limitation is consistent with the decision of the Court of Appeals in Cianos v. State. In that case, the Court held that only a party may appeal from a final judgment, and a victim is not a party in a criminal proceeding. 338 Md. at 410-11.
I. Other rights under Maryland law
Although the federal amendment is presumably intended to be comprehensive, surely it would not be interpreted as precluding a state from granting crime victims rights beyond those enumerated in the amendment. For example, insofar as the admonition in Article 47(a) of the Declaration of Rights that a crime victim is to be treated by State officials "with dignity, respect, and sensitivity during all phases of the criminal justice process" may be characterized as a right, it would remain effective after the ratification of the federal amendment. See also
Article 27, §§ 848(2) and 851(2). Similarly, the General Assembly would remain free to enact legislation affording victims additional statutory rights, so long as the statutory provisions were not inconsistent with the federal amendment.
Very truly yours,
 J. Joseph Curran, Jr. Attorney General
 Jack Schwartz Chief Counsel Opinions and Advice
[1] This opinion addresses legal issues only, not policy issues. As a policy matter, the Attorney General supports the proposed federal amendment.
[2] S.J. Res. 65 was intended by its sponsors to supersede S.J. Res. 52, the version of the amendment, introduced on April 22, 1996, that accompanied your request. Because S.J. Res. 65 is the current version of the amendment, we shall refer to it in this opinion.
[3] Another provision of law states as a "guideline" that crime victims and witnesses alike are to be "notified in advance of dates and times of trial court proceedings in the case . . . ." Article 27, § 848(4). This provision is aspirational; it does not create enforceable rights. § 850.
[4] This provision applies to felonies that cause physical, psychological, or economic injury to the victim and misdemeanors that cause serious physical injury or death to the victim. Id.
[5] Restitution must also be requested, and the defendant must have the ability to pay it.
 *Page 58